## WHEAT v. THE STATE.

1. Indictment for keeping a ferry without a license: held, that the State was not bound to prove that the defendant had no license; it devolved upon the defendant to show his license.
2. An indictment for keeping a ferry without license must specify upon what stream or river the ferry was kept.

Appeal from Livingston Circuit Court.

*W. G. Slack, Counsel for Appellant.*

The first ground upon which a new trial was asked and refused by the court was, "That the court erred in permitting the State to introduce new testimony, after the testimony on both sides had been closed." Decisions of Supreme Court, 1st semi-annual part, 1838. Mary (a slave) v. The State, page 71. Hamnel v. State, 2 semi-annual part 1839, p. 260.

The indictment is bad, both for uncertainty and duplicity.

*W. Adams, Counsel for the State.*

That the court committed no error, on this point; at least if it was error, it was not such as to prejudice the defendant; for the State was not bound to make this proof; see 1st Philip's

E2

AUGUST TERM. Ev. 198, latest edition. 2d Russell on crimes, 693, side p.
1840. S. P. United States v. Haywood, 2 Gallison 499.

Wheat
v.
The State.

*Opinion of the Court by Napton, Judge.*

The grand jury, for the county of Livingston, found an indictment against Martin Wheat, the appellant, for keeping a ferry without license. The indictment charged, that said Wheat on &c., at, &c. "did keep a ferry in the said county of Livingston, so as to demand and receive pay thereat, without a license," and that the said Wheat, on, &c., at, &c. "did then and there demand and receive pay, to wit, twenty-five cents for his services as a ferryman, without a license," &c. On the trial, and after both parties had declared they were through with their testimony, the court permitted the State to introduce a witness to prove that the defendant had no license. This was objected to by defendant.

Indictment for keeping a ferry without license: held, that the State was not bound to prove that the defendant had no license; it devolved upon the defendant to show his license.

The jury found the defendant guilty, and the judgment was given according thereto, and this judgment is sought to be reversed upon two grounds.

First, Because the court allowed the State to introduce the additional testimony after both counsel had declared they were through. On this point I apprehend, no objection can be taken, that would be available here, inasmuch as the witness introduced, was for the purpose of proving a fact which the State was clearly not under any obligation to establish. It devolved upon the defendant to show his license.

An indictment for keeping a ferry without license must specify upon what stream or river the ferry was kept.

Second, The indictment is objected to, and I think it is substantially defective. It does not specify on what stream or river, the ferry was kept; and as there may be several water courses in Livingston county, a conviction on this indictment would constitute no bar to another prosecution for the same offence. This want of certainty in the indictment is a fatal objection. The judgment is accordingly reversed.