THE STATE, Appellant, v. WELCH, Respondent.

1. In an indictment founded on the fifteenth section of the second article of the revenue act of 1857, (Sess. Acts, 1857, Adj. Sess. p. 79,) for delivering to the assessor a false and fraudulent list of taxable property, it must appear in what respect the list delivered is false and fraudulent; the indictment must set out, in terms of general description at least, the taxable property owned by the defendant and fraudulently omitted in the list delivered.

*Appeal from Webster Circuit Court.*

The indictment in this case is as follows: "The grand jurors for, &c., &c., present that David Welch, late of, &c., on, &c., at, &c., did then and there, when required by one of the assessors in and for the county of Webster, unlawfully fail to give a true list of all his taxable property as required by law, contrary to the form," &c. By the second count of the indictment it is charged that the defendant " did unlawfully deliver to the assessor a false and fraudulent list of his taxable property contrary to the form of the statute," &c. The court quashed this indictment on motion of the defendant.

*E. B. Ewing,* (attorney general,) for the State.

I. The indictment follows the statute and sets forth every fact and circumstance essential to an offence. It is sufficient to charge the offence in the words of the statute. (1 Chitt. C. L. 218; 7 Pet. 142.)

RICHARDSON, Judge, delivered the opinion of the court.

The indictment in this case was intended to be framed on the fifteenth section of the second article of the revenue act of 1857; (Adj. Sess. 1857, p. 79;) which is as follows: "If any person shall deliver to the assessor any false or fraudulent list, the property therein specified, and all that ought to have been listed therein, shall be taxed triple, and the offender shall moreover be subject to indictment for the

fraud, and may be fined in any sum not exceeding five hundred dollars."

The second count of the indictment is bad, because it does not allege in what respect the list of taxable property delivered to the assessor by the defendant was false or fraudulent; and the first count is defective for the same reason, and also because it is not averred that the act or omission of the defendant was fraudulent. The indictment ought to set out, in terms of general description at least, the. taxable property owned by the defendant and fraudulently omitted in the list delivered to the assessor; otherwise he might not be prepared at the trial to show that the property charged to have been omitted did not belong to him or was not taxable in his name.

The indictment was properly quashed and the judgment will be affirmed, the other judges concurring.