CARTER and another vs. THE STATE.

*Indictment for arson—General verdict of guilty—Allegation of ownership of house material.*

1. In an indictment for burning a dwelling house in the night, the house was described in the first count as the property of E. F., in the second as that of A. N., and in the third as that of L. N. The second and third counts charged that L. N. and A. N. were lawfully in the house at the time of such burning, while the

first did not charge that any person was therein; the penalties in the two cases being different. *Held*, that it was error to instruct the jury that if they found that the house was at any time the property of either of the persons named in the indictment, and that L. N. and A. N, were then present therein, they might bring in a general verdict of guilty.

2. In such an indictment, an allegation that the house was the property of a person named, is material, and must be proven.

3, Where different degrees of an offense are charged in different counts of an indictment, it is the better practice for the verdict (if against the defendant) to state under which count he is found guilty.

ERROR to the Circuit Court for *Dane* County.

The case is stated in the opinion.

*Johnson & Ball*, for plaintiffs in error:

If the jury had found the house to be Fuller's, whether they found it to have been occupied by Norton and wife or not, they ought to have found a verdict of "guilty as charged in the first count," the penalty for the offense there charged being less than for that charged in the other counts. And they should have been so instructed. Wharton's Prec., 2, note. It is necessary in an indictment for arson to allege ownership of the building, and the state is bound to prove the ownership as stated. Whart. Prec., 389 and note C.; Whart. Cr. Law, 1671; *Comm. v Wade*, 17 Pick., 395.

*Sidney Foote*, District Attorney, *contra*, cited *Ketchingman v. The State*, 6 Wis., 426; *People v. Gates*, 15 Wend., 159; *Kite v. Comm.*, 11 Met., 581.

COLE, J. We are of the opinion that the court below erred in instructing the jury that if they found the house named in the indictment was, at the time it was burnt, the dwelling house of either of the persons mentioned in the different counts of the indictment, and that Lewis P. Norton and wife were at that time lawfully therein, then, if they found the prisoners guilty, they might find a general verdict.

The indictment was for burning a dwelling house in the night time, and contained three counts. In the first, the house was described as the dwelling house of Eliphalet Fuller, with

no allegation that any person was lawfully therein at the time of the burning. In the second count, it was charged that the property was the dwelling house of Alida Norton, and that at time of the burning, Lewis P. Norton and his wife Alida were lawfully therein. While in the third count, the property was described as the dwelling house of Lewis P. Norton, and it is charged that said Norton and wife were lawfully therein at the time of the burning.

The jury found the defendants guilty in manner and form as charged in the indictment. *Wiggins* was sentenced to imprisonment for seven years in the state prison, ten days of which should be solitary confinement; and *Carter* for the term of ten years, and the same period of solitary confinement.

Our statute, with reason, makes it a more aggravated offense to burn a dwelling house in the night time which is lawfully occupied, than one vacant and not thus occupied. Sec. 1, chap. 105, R. S. Hence occupancy is a material ingredient in describing the higher crime. It is alleged in the second and third counts, that the dwelling house was lawfully occupied by the persons therein named, while no such allegation is made in the first. It will be seen, moreover, that the ownership cf the property is alleged in different persons in each count. Now, under these circumstances, it is difficult to imagine a state of proof which would authorize a general verdict upon all the counts. Still the jury were told that if they found that the house burned was the dwelling house of either of the persons named in the indictment, and that Norton and wife were lawfully therein at the time, they might, if the defendants burned the house, find a general verdict of guilty upon all the counts.

Now suppose the jury had been satisfied from the evidence that Lewis Norton owned the house, and that he and his wife were lawfully therein when burned; how, in that state of the proofs, could they render a general verdict, the evidence not sustaining either the first or second count in the indictment?

Suppose they had found that Fuller owned the house, and that it was lawfully occupied by Norton and wife at the time of burning, how then could there have been a general verdict upon all the counts, there being no allegation in the first of occupancy by any one, and the ownership being laid in different persons in each count? It is very obvious that proof of ownership in Fuller would not sustain an allegation that the property was either Alida or Lewis Norton's. The allegation of ownership could not be rejected as surplusage. Having been made it was material, and must be proved. Arch. Crim. Pl., p. 316 (marg.); *Commonwealth v. Wade*, 17 Pick., 395; *People v. Yates*, 15 Wend., 159. Hence the incongruity in the instruction, the jury being told that if they found that the property belonged to either of the persons named in the indictment, and that at the time it was burnt it was lawfully occupied by Norton and wife, they might render a general verdict upon all the counts in the indictment.

It seems to us, furthermore, to be the better practice, when different degrees of an offense are charged in different counts of an indictment, that the jury should state under which count they convict, in order that the court may intelligently award the proper sentence. Suppose the jury had found the defendants guilty under the first count of this indictment, the court might have awarded a lesser penalty than when convicted upon the second or third. We express no opinion upon the other questions raised and discussed in the argument.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.