## Case No. 14,953.

### UNITED STATES v. DEVLIN.

[6 Blatchf. 71;[1] 7 Int. Rev. Rec. 94; 1 Am. Law T. Rep. (U. S. Cts.) 38; 15 Pittsb. Leg. J. 398.]

Circuit Court, E. D. New York. March 14, 1868.

JURY — PEREMPTORY CHALLENGE — INDICTMENT —JOINDER OF OFFENCES—INTERNAL REVENUE.

1. No right to make a peremptory challenge to a juror exists, in the circuit court of the United States for the Eastern district of New York, on the part of a person on trial on an indictment for a misdemeanor.

[Cited in U. S. v. Coppersmith, 4 Fed. 199.]

2. The act of July 20, 1840 (5 Stat. 394), does not confer such right.

3. The neglect or failure of an officer of the internal revenue to perform a duty required of him by law, does not relieve another person, who has violated the law, from the consequences of such. violation.

4. In an indictment for a misdemeanor, several offences may be joined in different counts; and, when that is done, the prosecution cannot be compelled to elect between the several counts.

5. On the trial of an indictment under the internal revenue law, for having carried on business without a license, and without having paid a special tax, and for having failed to keep books required by law to be kept, the burden of proof is on the defendant to show that he had a license, and paid the special tax, and kept the books.

This was a motion for a new trial. The prisoner [John Devlin] had been convicted on an indictment, charging him with offences against the internal revenue laws. [Case No. 14,955.]

Benjamin F. Tracy, U. S. Dist. Atty.
William C. De Witt, for prisoner.

BENEDICT, District Judge. The application for a new trial is based on several grounds, the most important of which relates to the right of peremptory challenges in this court, and will be first considered. The ruling of the court on the trial was, that the offences charged against the prisoner were misdemeanors, and that, in such prosecutions, no right of peremptory challenge existed in this court. The ruling was not made without consideration, and, having now again examined the question, in the light of the argument on this motion, I see no reason to change the opinion then formed. Although apparently doubted on the trial, the ruling that the offences charged were misdemeanors, has not been seriously questioned on the present motion. These offences are three in number, set forth in as many counts. The defendant is charged, first, with having carried on the business of a wholesale dealer without having taken out a license; second, with having carried on the same business after September, 1866, (when the law requiring a new registration and the payment of a special tax took effect,) without having paid the special tax; third, with having failed to keep the books

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

which the law requires to be kept by wholesale dealers in liquors. No general statute of the United States exists according to which these offences can be declared felonies, nor are they declared to be such by the statute creating them, although there are offences in the same act expressly designated such. They are not made punishable by hard labor, and a felonious intent is not made a part of the offence. In character, they are such that an intention to raise them to the rank of felony is not to be presumed, in the absence of any expressed indication of such an intention. A statute will not be construed to create a new felony, unless its express words or their necessary implication so require. 1 Bish. Cr. Law, § 557. The offences, then, are misdemeanors. If so, the right of peremptory challenge must be found conferred by some statute of the United States; for, at common law, no such right exists in such cases. 4 Bl. Comm. 353. It has, accordingly, been argued, that, by the act of congress of July 20, 1840 (5 Stat. 394), the state statute of 1847, which gives to a prisoner the right of peremptory challenge in the tribunals of the state, is made, in effect, a statute of the United States and available as conferring such right in this court. But, although it is true, that, under the state act of 1847, the right in question exists in the tribunals of the state, I am unable to see how the language of the United States statute of 1840 can, by any fair construction, be considered as giving effect to that act in this court. The words of the act are as follows: "Jurors to serve in the courts of the United States in each state respectively, shall have the like qualifications, and be entitled to the like exemptions, as jurors of the highest court of law of such state now have, and are entitled to, and shall hereafter, from time to time, have and be entitled to, and shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries now practised, and hereafter to be practised therein, in so far as such mode may be practicable by the courts of the United States, or the officers thereof." These words seem to me clearly to confine the act to the subject of the qualifications of persons to serve as jurymen, and their exemptions from that duty, and in no wise to relate to the right to a peremptory challenge, which is the setting aside a juryman without regard to his qualification or exemption. Such was the construction placed upon this act, in 1851, by Mr. Justice Nelson, in the case of U. S. v. Douglass [Case No. 14,989], and, the decision of the supreme court in the case of U. S. v. Shackleford, 18 How. [59 U. S.] 588, is to the same effect. This last case brought up, on a certificate of division, the question of the right to peremptory challenges, in a prosecution for a misdemeanor in Kentucky, and the determination of the court, as I understand it, was, that, by virtue of the latter portion of the act of 1840, the courts of the United States are empowered to adopt, by rule, an existing state statute upon the

subject of peremptory challenges, but that, in the absence of any such adoption by rule, the right to a peremptory challenge, in a prosecution for a misdemeanor, could not be held to exist, either under the common law, or under a law of the state not so adopted by the court. The point in question is thus settled adversely to the prisoner by authority; for, in this court, the state act of 1847 has never been adopted by rule or in practice, nor has that act, to my knowledge, been adopted in any of the courts of this circuit.

The next question to be considered relates to the rulings of the court in excluding certain offers of evidence made by the defence. These offers are based upon the proposition, that the citizen and the officer of the revenue bear such a relation to each other, in regard to the law, that the neglect or failure of the officer to perform the duties which the law requires of him, relieves the citizen from the obligations which the law imposes upon him. The proposition is manifestly unsound. To maintain it would be to hold, that a revenue officer, by failing to obey or enforce a law, could destroy the law. It would be, in effect, to transfer to officers of the revenue the lawmaking power, and would enable them to make the law binding upon those only whom they might desire to have bound. This cannot be. The officers may, or may not, comply with the law, but the law exists, nevertheless, in full force, and visits with its punishment both the citizen and the officer, when they are shown to have disregarded its requirements. These views are not new, but have been repeatedly expressed by courts, in disposing of defences based upon the same theory now advanced on behalf of this prisoner. Com. v. Blackington (Shaw, C. J.) 24 Pick. 352; Lord v. Jones (Shepley, J.) 24 Me. 439, 442; Mayor v. Mason, 4 E. D. Smith, 142, 145 (Woodruff, J.). If, then, it were true that the failure of an assistant assessor to register the application of the prisoner, prevented him from obtaining a license from the collector, that would not make it lawful for him to proceed without a license. The refusal to grant a license is not equivalent to a license. So, too, if it be true, as appears from the papers offered in evidence, that, after the commission of the offence here charged, and after the prisoner had been arrested, and these very offences had, to some extent, been judicially examined into, the officers of the internal revenue accepted from him an application for a license, and received from him the amount of the special tax, this proceeding on the part of the prisoner does not tend to show that he had a license at the time in question, or had paid his special tax before he proceeded to do business; nor did the action of the officers work out a pardon for the offences thus previously committed. Neither the law-making power, nor the pardoning power, has been entrusted to the collectors and assessors of the internal revenue.

The next question raised is based upon the refusal of the court to compel the prosecution to elect between the several counts in the indictment. On this point it is only necessary to say, that an examination of the text-books will show it to be well settled that, in cases of misdemeanor, several offences may be joined in different counts, and that there is no right, in such cases, to compel the prosecution to rely on one transaction. 1 Bish. Cr. Law, §§ 209, 212.

One other point has been taken on this motion, and that relates to the charge to the jury, that the burden rested on the prisoner to show that he had taken out a license, and had paid the special tax, and had kept the books required by the law. On this point it must first be noticed, that no exception was taken to this portion of the charge, nor was it objected to at the trial. Therefore, the point cannot be properly raised on this motion. But, without intending, in any degree, to countenance the practice of omitting to object at the time to portions of a charge supposed to be erroneous, I may add, that the charge could only have been understood to be declaratory of the law of the case as it stood on the evidence, and not to be the announcement of an abstract proposition. That it correctly declared the law of the case is not to be disputed; for, there was, in the case, positive evidence, from the prisoner's own clerk, that the books were not kept, and, also, evidence going to show that no license had been issued to the prisoner, and that no special tax had been paid by him. But, I apprehend that, considered as an abstract proposition, it will be found to be correct in principle and sustained by authority. Thus, in State v. Geuing, 1 McCord, 573, which was an indictment for selling liquor without a license, the court, upon appeal, say: "It is the opinion of the court, that the burthen of the proof lay on the defendant, and that it was incumbent on him to show that he had been licensed to retail, a fact which, if it existed, could easily have been made to appear, by the adduction of his license." So, also, in Wheat v. State, 6 Mo. 455, which was an indictment for keeping a ferry without a license, it was held, that the burden was on the defendant to show that he had a license, without the state offering any evidence to show the contrary.

I have now considered all the points raised on the part of the defence on this motion, and the result is, that no good ground for a new trial has been shown. The motion for a new trial must, therefore, be denied.