Boles v. The State.

## BOLES *vs.* THE STATE.

[INDICTMENT FOR ARSON.]

1. *Witness; what question can not be compelled to answer.*—A female witness, for the prosecution in a criminal case, may be asked on cross-examination if she is unmarried, and she may be compelled to answer. But she can not be compelled to answer a question the response to which involves her in the confession of a crime.

2. *Same; ill fame of witness, founded on what, not sufficient to impeach.*—A female witness in a criminal case may be asked on cross-examination, whether she is not a person of such "ill fame as to exclude her from society," but the court should not compel her to answer, unless it appears that the cause of her "ill fame" would be a proper reason to impeach her veracity as a witness. If her exclusion is founded on a prejudice against her religious creed, her mode of dress, her political sentiments or nativity and the like, it should not be allowed to discredit her.

3. *Arson, indictment for; ownership of property must be proved as laid.*—The forms of indictment found in the Code are prescribed by law. And on a charge of arson, where they allege an ownership of the house set fire to or burned, the ownership must be proved as charged in the indictment.

APPEAL from Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

The facts appear in the opinion.

- G. T. YELVERTON, for appellant.
ATTORNEY-GENERAL, *contra.*

PETERS, J.—The appellant, Boles, with one Yarbrough, was indicted in the circuit court of Coffee county for arson in the third degree, for setting fire to or burning a corn house of Dennis Howell. There were three counts to the indictment. The defendant below pleaded not guilty, was tried by a jury and convicted, and was fined five hundred dollars and sentenced to hard labor for the county of Coffee for six months. And having failed to confess judgment for the fine and costs with good and sufficient securities, he was also condemned "to hard labor for said county for one hundred and forty days more." From this judgment the said Boles appeals to this court.

There was a bill of exceptions taken at the trial, from which it appears that there was some evidence offered by the prosecution on the trial below, which tended to show that the accused was guilty of setting fire to the corn crib of said Howell within the time alleged in the indictment. And for the purpose of impeaching a witness offered for the State, the defendant's counsel asked her if she was an unmarried woman. She answered, yes! She was then asked if she was not the mother of a negro bastard child. The State objected. The court then informed the witness that she might answer or not, as she might choose, and witness refused to answer and the defendant excepted to the ruling of the court. The defendant then asked her if she was not of "such ill fame as to be excluded from society." The State objected, and the court sustained the objection, and the defendant excepted. There were also some other exceptions by the defendant to the evidence introduced by the prosecution, which need not be noticed further. And beside these exceptions, there were several others to the

charges given and to the refusal to charge, as asked by the defendant in the court below.

It was certainly competent for the defendant to ask the witness, Eliza Williams, if she was an unmarried woman, and it was proper to compel an answer, because such an inquiry could not in any wise tend to criminate her. But the question intended to develop the fact that she was the mother of a negro bastard child was different. The state of facts to which an answer to this question pointed involved the confession of the crime of fornication or adultery.—Rev. Code, § 3598. In such a case the witness is not bound to answer, unless she chooses. And here the court very properly left it to her choice. In this there was no error.—*Campbell v. The State*, 23 Ala. 44, 82. But the question as to the "ill fame" of the witness stands upon a different footing. "Ill fame" is not necessarily criminal. Therefore, a witness may be compelled to testify as to her ill fame, provided the character of her ill fame is such as impeaches her veracity, but not if the ill fame is founded on a mere prejudice. If such ill fame arises from a want of veracity or chastity, then it may be shown; because these are defects that render a female witness less worthy of belief.—*The State v. Crowley*, 13 Ala. 172; Rosc. Ev. 181; *People v. Mather*, 4 Wend. 229. The witness must depose in open court and upon oath to speak the whole truth, except in privileged cases.—Const. Ala. 1867, art. 1, § 8; Rev. Code, § 2703; 1 Phill. Ev. pp. 14, 15, 16, and C. and H. Notes. And when a witness testifies in court he is not only bound to answer truthfully as to his knowledge of the facts put in issue by the pleadings, but he puts his own character in issue as an instrument of proof. And this allows an inquiry into his general character.—*Ward v. The State*, 28 Ala. 53, 64. Hitherto there has been less doubt as to the effect of a want of chastity on the part of a female witness than on the part of one of the other sex, but doubtless this has been occasioned rather from the fact that men make the law, and women are compelled to obey it, than any just distinction in principle for the difference. And were the question as to the

Boles v. The State.

effect of a want of chastity on the veracity of a witness *res integra,* I would be disposed to hold that it was the same without regard to sex. But the rules of what is called society are too fickle, and sometimes too unjust to make an "exclusion from society," a test of truthfulness in a witness. Society has no rule of exclusion—in many cases some mere whim, growing out of a difference of religion, or politics, or dress, or nativity. Then, the ill fame that may exclude from society is not necessarily such as should be allowed to impeach the veracity of a witness. And as the question here did not show what character of ill fame was meant, or the extent and character of the exclusion, it was properly excluded by the court. The other objections to the testimony in support of Mrs. Williams are put with too much looseness for a clear comprehension of their meaning and purpose. When this is the case the court may over-rule the objections.—Rev. Code, §§ 2755, 4302; Rule Sup. Court, No. 1 ; Rev. Code, p. 816.

The first charge asked by the defendant in the court below should have been given. It was in these words, to-wit : " That if the State failed to prove by evidence of title, ownership of the property fired as charged in the indictment, the jury can not find the defendant guilty." The form of the indictment requires this allegation. These are the forms prescribed by law. What they contain is required to be alleged. And what is required to be alleged must be proven.—Rev. Code, p. 811, No. 36, 37 ; *Ib.* § 4141 ; 1 Greenlf. Ev. § 51 ; Rosc. p. 270 ; *Overstreet v. The State,* June term, 1871.

As this must necessarily reverse this cause, it is unnecessary to go into the other exceptions, as they are of such a character as will not, in all likelihood, again occur.

Let the judgment of the court be reversed and the cause remanded for a new trial, unless the said Boles, the defendant below, be otherwise legally discharged.