State v. Rochforde et al.

———o———

STATE OF MISSOURI, Respondent, vs. JAMES ROCHFORDE, et al., Appellants.

1. *Practice, criminal—Informations—Definiteness.*—A criminal information should be sufficiently definite to put the defendant in possession of the charge for which he is held to answer.

State v. Rochforde et al.

*Appeal from St. Louis Court of Criminal Correction.*

*Mauro and Laughlin,* for Appellants.

The complaint does not sufficiently describe the offense.

*R. S. McDonald,* for Respondent.

The complaint sets forth the offense charged, fully and clearly according to the language of the Statute. (W. S., p. 496.)

WAGNER, Judge, delivered the opinion of the court.

The defendants moved to dismiss the information in this case, because the same was insufficient, and afterwards moved in arrest of judgment for the same reason, both of which motions were overruled. The ruling of the court on these motions constitutes the only question for our consideration, as the record discloses no other point of law saved. The information is not only inartificially drawn, but it is absolutely wanting in certainty. It alleges that the defendants, wickedly devising and intending to defraud and prejudice the St. Louis Gas Light Company, conspired and confederated and agreed together, fraudulently and feloniously to commit larceny by stealing, taking and carrying away the property, goods and chattels of the said company, and that in pursuance of said conspiracy, they unlawfully and feloniously altered, changed and tampered with a certain gas meter, the property of the said company, with the intent to steal, take and carry away certain valuable property and goods of the company.

The information, it will be observed, does not specify any particular property or goods that the defendants conspired to steal, or that they intended to take or carry away. They are charged with altering and tampering with a gas meter, but it is not alleged that they either took the meter or the gas. It is averred that they intended to take certain property, but what property is not designated. There is nothing here sufficiently definite to put the defendants in possession of the charges for which they were held to answer.

The information is founded upon the statute, (1 W. S., p. 496,

§ 29,) defining conspiracies, and assessing punishment for the same. But the 30th section of the act provides that no agreement, except to commit a felony upon the person of another, or to commit arson or burglary, shall be deemed a conspiracy, unless some act besides such agreement be done to effect the object thereof, by one or more of the parties to such agreement.

The charge in the present case does not come within either of the above enumerated exceptions. It was not for committing a felony upon the person of another, nor was it for arson or burglary. There is no allegation that the defendants did any act in reference to any specific property.

The judgment should be reversed and the information dismissed. The other Judges concurring