———o———

THE STATE OF MISSOURI, Appellant, *vs.* AMOS W. MAUPIN, Respondent.

1. *Criminal law—Indictment for forging judge's certificate—Allegations as to county wherein crime occurred, etc.*—An indictment for forging a judge's certificate to a fee bill (Wagn. Stat., 490, § 15,) is not bad by reason of the fact that it charges that the prisoner forged the certificate, and also, that he "caused and procured the same to be forged." The latter clause might be stricken out as surplusage. And under our liberal system of pleading an averment in the indictment, that the forged instrument purported to be

State v. Maupin.

the certificate of "A. B., judge of the ninth judicial circuit," is sufficient without the further affirmative allegation, that A. B. was judge of that circuit. But the failure of such indictment to set forth in what county or circuit the cause wherein the fee bill issued was tried, or in what county or circuit the costs or fee bill accrued, would render the complaint as fatally defective.

*Appeal from Franklin Circuit Court.*

*Ewing, Att'y Gen'l,* for Appellant.

I. The additional words "and did procure it to be forged" do not occur in the second count. If these words do render the second count bad on demurrer, or on motion to quash, still as the second count. is not obnoxious to that objection, the motion should have been overruled. (State vs. Rector, 11 Mo., 28; State vs. Wilson, 15 Mo., 503; State vs. Woodward, 21 Mo., 265.)

II. But the words objected to do not vitiate the first count. They all charge but one offense. (State vs. Carrigan, 24 Conn., 286; State vs. Batson, 31 Mo., 343; State vs. Palmer, 4 Mo., 453; State vs. Ames, 10 Mo., 743; Hobbs vs. State, 9 Mo., 855.)

III. The count will not be held bad by reason of unnecessary or useless words, after rejecting the words objected to as surplusage. The count is good, and in the exact language of the statute. (State vs. Hamilton, 7 Mo., 300; State vs. Edwards, 19 *Id.,* 647.)

*Jones and Lay & Belch,* for Respondent.

I. This indictment charges that defendant unlawfully and feloniously did make and forge, and also in same count charges that he procured said instrument to be forged.

It is nowhere averred where the fee bill issued, whether in the office of the clerk of the Franklin Circuit Court, or in some county in the State of Ohio; nor is it averred that D. Q. Gale was judge of the Franklin Circuit Court, nor that N. G. Clark was Circuit Attorney, nor that either were officers of any Court.

VORIES, Judge, delivered the opinion of the court.

The defendant was indicted in the Franklin Circuit Court for forgery in the 3rd degree.

At the November term of the Franklin Circuit Court, the defendant appeared and filed a motion to quash the indictment for reasons therein stated. This motion was heard by the court and sustained, and final judgment rendered in the cause against the State. The plaintiff excepted to the ruling and judgment of the court, and has appealed to this court.

The only question presented for the consideration of this court is as to the sufficiency of the indictment. The indictment contains two counts, and is in the following form, to-wit:

" The grand jurors of the State of Missouri, now here in court duly impaneled, sworn and charged to inquire within and for the body of Franklin County, on their oaths present, that Amos W. Maupin, late of the county and State aforesaid, on the first day of February, in the year of our Lord, one thousand, eight hundred and sixty-nine, at the county and State aforesaid, did, unlawfully and feloniously, falsely make, forge and cause and procure to be forged and counterfeited, a certain instrument of writing purporting to be the certificate of D. Q. Gale, judge of the Ninth Judicial Circuit of the State of Missouri, and of N. G. Clark, Circuit Attorney of the said Ninth Judicial Circuit of the State of Missouri to a certain fee bill.purporting to be the fee bill allowed against the State of Missouri, in the case of the State of Missouri against Greenbury Mitchell, which said certificate is in the words and figures following, to-wit:

We, the undersigned, Judge and Circuit Attorney, certify, that we have strictly examined the foregoing bill of costs during the sitting of the Circuit Court; that the defendant was tried and acquitted; that the offense was one, punishable solely by imprisonment in the State penitentiary; that the services were rendered for which the charges were made, and that the compensation claimed therefor is given by law as therein charged, and that the State is liable to pay the same, being the sum of one hundred and ninety-three dollars and fifty cents.

Given under our hand, this, the 6th day of April, 1869,
        D. Q. GALE, Judge,
                N. G. CLARK, Circuit Attorney,
with intent, then and there, unlawfully and feloniously to in-
jure and defraud the State of Missouri, contrary to the form
of the statute in such case made and provided, against the
peace and dignity of the State."

"And the jurors aforesaid, on their oaths aforesaid, do
further present, that the said Amos W. Maupin, at the county
and State aforesaid, on the first day of February, in the year
of our Lord, one thousand, eight hundred and sixty-nine, did
unlawfully and feloniously falsely make, forge and counter-
feit a certain instrument of writing purporting to be the cer-
tificate of D. Q. Gale, Judge, and N. G. Clark, Circuit At-
torney of the Ninth Judicial Circuit of the State of Missouri,
to a certain fee bill purporting to have been allowed against
the State of Missouri, in the case of the State of Missouri
against Greenbury Mitchell, with intent then and there un-
lawfully and feloniously to injure and defraud the State of
Missouri contrary, etc."

The objections to this indictment raised by the motion to
quash and which are insisted on in this court are : 1st—That
it is first charged in the indictment that defendant wrongful-
ly and feloniously did make and forge the certificate of the
judge and circuit attorney, and in the same count it is
charged that he procured said instrument to be forged and
counterfeited, and that, therefore, the indictment is double,
charging two offenses in the same count; 2nd—It is no-
where charged or affirmatively averred in the indictment,
that Gale was Judge of the Ninth Judicial Circuit, or that
Clark was Circuit Attorney thereof; 3rd—The indictment
charges that a certificate was forged to a fee bill purporting
to have been allowed against the State of Missouri, in the case
of the State of Missouri against Greenbury Mitchel, etc.; but
the indictment fails to state where the case of the State vs.
Mitchell was pending, or where, or in what circuit or county
the costs or the fee bill accrued or originated.

There were some other merely technical objections urged against the indictment, which need not be noticed here.

As to the first objection to the indictment above set forth, it is extremely technical, and we think that although the averments are rather inartificially stated, the indictment should not be held bad for that reason. The words "caused and procured to be" might be rejected as surplusage, and at least the whole indictment could not be quashed for that objection alone, as the objection does not apply to the second count of the indictment, where no such double charge appears.

We think that the averments in the indictment as to the fact that Gale was Judge and Clark, was Circuit attorney of the Ninth Judicial Circuit, are, under our present liberal practice, sufficient.

The third objection is of a more serious nature. It is not shown in either count of the indictment, in what county or circuit the case of the State vs. Mitchell was pending, or where the costs or fee bill accrued, to which the certificate was charged to have been forged. It was necessary that the indictment should have shown where said prosecution was pending and the fee bill accrued, so that it would appear that it was in the proper Circuit where the Judge and Circuit Attorney named might have the power to officially certify the same, and so as to notify the defendant of the particular fee bill and the court in which it originated, to which he was charged of forging the certificate.

We think the indictment is fatally defective in this particular, and the judgment must therefore be affirmed. The other judges concur.