THE STATE OF MISSOURI, Respondent, *v.* WILLIAM WACKER, Appellant.

### February 10, 1885.

1. CRIMINAL LAW — INDICTMENT — ARSON. — An indictment which charges that the defendant "did, unlawfully, etc.. set fire to and burn a certain dwelling house situated in the city of St.. Louis aforesaid," is too indefinite in its description of the house to support a conviction.

2. —— PRACTICE. — A judgment in a criminal case having been reversed because of the insufficiency of the indictment, the defendant will not be discharged, but the cause will be remanded, where "there is reasonable ground to believe that the defendant can be convicted of an offense if properly charged."

APPEAL from the St. Louis Criminal Court, VAN WAGONER, J.

*Reversed and remanded.*

Martin & Fauntleroy, for the appellant: The indictment is insufficient. — *Wheat* v. *The State*, 6 Mo. 455; *The State* v. *Hogan*, 31 Mo. 340; *The State* v. *Jones*, 68 Mo. 197; *McGary* v. *The People*, 46 N. Y. 153.

Ashley C. Clover, for the respondent: The indictment is sufficient. — Rev. Stats., sect. 1283; *The State* v. *Hayes*, 78 Mo. 307; *Regina* v. *Newboult*, 12 Cox C. C. 148.

Lewis, P. J., delivered the opinion of the court.

The indictment charges that the defendant did, on, etc., "unlawfully, feloniously, wilfully, and maliciously set fire to and burn a certain dwelling house situated in the city of St. Louis aforesaid, in which dwelling house there were then and there human beings, contrary to the form of the statute," etc. The defendant was found guilty of an attempt to commit arson in the first degree and sentenced to a five years' term in the penitentiary. A motion in arrest of judgment for insufficiency of the indictment was overruled.

At common law, the crime of arson was considered chiefly as an offence against the security of personal inhabitation, so that it was no crime for a man to set fire to his own house. Hence, while it was always held necessary to specify by name the person whose house was burned, the reason usually given was, that it should thus be shown that it was not the house of the person accused. Such a reason can have no application in this state, since our statute is directed against "every person who shall. wilfully set fire to or burn *any* dwelling house," etc. But it remains to be considered whether other reasons may not be equally effective to the same end, in requiring that the house set fire to, or burned, shall be specifically identified by the name of the owner or occupant, or by some other matter of description which will clearly inform the defendant of the particular act charged against him, and which will protect him against another prosecution for the same offence. We

have no decision in Missouri upon the precise question thus presented. Of other states whose statutes are in effect the same with ours, a like remark may be made. An examination of a large number of adjudicated cases leads us to the conclusion that no court of last resort in this country has ever held that an indictment which mentions the object of an arson by so indefinite a description, only, as " a certain dwelling house situated in the county (city, or town, as the case may be) of ———," is sufficient. Controversies have been numerous over such questions as: Whether the name of the owner, or only that of the occupant, will suffice; whether that of the tenant, or that of the holder of the fee; whether, the name having been inserted, proof may be made of a different owership or occupancy, etc. It seems to be generally agreed that it must be the name of the occupant or tenant which appears; and this follows the common-law idea of protection to inhabitancy. Also, that the name of the occupant having been given in an indictment, the proofs must exactly correspond. 16 Pick. 120; 45 N. Y. 153; 61 Mo. 276; 19 N. Y. 537; 28 Ala. 71; 26 Ala. 72; 20 Cal. 76; 20 Wis. 647; 46 Ala. 204; 40 Ala. 659; 62 N. Y. 126. It is further settled that, where the object of the arson is a public building, described by its name in the indictment, nothing need be said about its ownership or occupancy. 29 Ark. 147; 12 Vt. 93; 4 Leigh, 683. This conclusion fully harmonizes with every reasonable exaction touching the clear identification of the building.

Passing over the cases in which it is insisted that it should appear whose house was burned, for the reason that the indictment must show that it was not the house of the person indicted, we find it generally taken for granted that a description of the building by the name of the owner or occupant properly fulfils a requirement which applies to all indictments for crime, to wit: that the accused shall be

informed of the particular act concerning which he must prepare his proofs in defence.

It would seem to follow, on general principles, that if neither this, nor any other description particularly specifying the building is given, the requirement will be disobeyed. "A certain dwelling house situated in the city of St. Louis," fitly describes any one of several thousand dwellings. The accused may know himself to be charged or suspected with reference to two, or a dozen, or more of them. He can not, in such a case, have any assurance of the protection intended by the rule. All analogies traceable through the rulings, in this state and elsewhere, upon indictments for other crimes, point directly to the conclusion that the indictment in the present case is bad.

In *Woodford* v. *The People* (62 N. Y. 126), the question was, whether the expression " property of," or " belonging to," would satisfy a statute which referred to the burning of the dwelling house " of" A B. The court said : " It is necessary to specify the owner of the dwelling house, but whether this is done by stating it as the house of, or as the property of, or as owned by or belonging to A B, it is sufficient for the purposes of alleging ownership of dwelling house in an indictment for arson." In *Shepherd* v. *The People* (19 N. Y. 537), upon a question whether the name of an owner or of a lodger should have been inserted, the court said : " Either method would have sufficiently *identified the building*, which is all that the ends of justice require." A similar remark is made by our supreme court in *The State* v. *Moore*, upon a question of variance between the allegation and proofs : "All that the ends of justice required was the building should be sufficiently identified by the allegations of the indictment, and that those allegations should find support in the testimony adduced, and this was done." The supreme court of California said, in *The People* v. *Myers* (20 Cal. 76) : " The allegation of the ownership of the

building burned is a part of the description of the offence. It is a general rule of criminal pleading, as well as a provision of our statute, that the indictment must be direct and certain as it regards the offence charged. * * * The defendant must be distinctly informed whose dwelling house he is accused of burning. It is urged in reply that surplusage may be rejected. But no allegation which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage."

As to the analogies above referred to, they may be found in a number of decisions by our supreme court. An indictment for keeping a ferry without license was held bad, because it did not specify on what stream or river the ferry was kept. Said Napton, J.: "As there may be several water-courses in Livingston County, a conviction on this indictment would constitute no bar to another prosecution for the same offense." *Wheat* v. *The State*, 6 Mo. 455.

An indictment for delivering a false and fraudulent return to the assessor held insufficient, because it did not describe the taxable property omitted. *The State* v. *Welch* 28 Mo. 600. *The State* v. *Hogan* was on an indictment for shooting at a mark along and across a public highway. Judge Ewing said: " Where generic terms are included in the definition of an offence, as they necessarily must be, it is not sufficient that the offence should be charged in the indictment in the same generic terms, as in the definition particulars should be stated, and the indictment in omitting to designate the highway across which the shooting occurred, is defective." See also *The State* v. *Kroeger*, 47 Mo. 530 ; *The State* v. *Rochforde*, 52 Mo. 199 ; *The State* v. *Maupin*, 57 Mo. 205.

We are of opinion that the criminal court erred in overruling the motion in arrest of judgment. It is clear, as we think, from the testimony preserved in the record, that " there is reasonable ground to believe that the de-

fendant can be convicted of an offence, if properly charged."
The judgment is reversed, and the cause is remanded to the
criminal court, with directions to proceed under the pro-
visions of Revised Statutes, section 1972.    All the judges
concur.