THE STATE OF MISSOURI, Respondent, v. JAMES A. CASSITY, Appellant.

St. Louis Court of Appeals, April 19, 1892.

Criminal Law: INDICTMENT: SALE OF LIQUOR BY DRUGGIST. An indictment against a druggist, under section 4621 of the Revised Statutes of 1889, for selling liquor without the prescription of a duly registered physician, is fatally defective even after verdict, if it fails to state the name of the person to whom the liquor was sold.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*N. Gibbs* and *McPherson & Bro.*, for appellant.

The indictment is bad, because it does not set out the name of the person to whom the alleged illegal sale of the intoxicating liquor was made by the defendant as a registered druggist and pharmacist. The indictment, therefore, fails in certainty, and will not bar a second prosecution, nor can an intelligent defense be made by a druggist to such a charge. *State v. Martin,* 44 Mo. App. 45.

*Joseph French,* Prosecuting Attorney, for respondent.

ROMBAUER, P. J.—The defendant was indicted in *Lawrence county* for selling liquor as druggist and pharmacist without prescription of a duly registered physician. The indictment contained two counts, one charging the defendant as a druggist, and the other charging him as a pharmacist, under the provisions of

section 4621 of the Revised Statutes of 1889. The punishment in either case is the same, and consists of a fine of not less than $100 nor more than $500. The defendant was convicted in *Barry county*, to which the cause had been removed by change of venue, the jury bringing in a general verdict of guilty, and assessing his punishment at a fine of $100. The defendant filed his motion in arrest of judgment, alleging as grounds thereof, that the indictment does not charge any offense against the laws of the state, and that the verdict is insufficient to support a judgment. He now urges these two grounds for reversal of the judgment.

The indictment does not in either count state the name of the person to whom the liquor was sold. We held in *State v. Martin*, 44 Mo. App. 45, that an information against a druggist under section 4621 of the statutes, which fails to state the name of the person to whom the liquor was sold by him, is subject to be quashed on the defendant's motion. We held this on the ground that in the case of a sale the druggist must rest his defense, if he has any, upon a prescription or prescriptions issued by a regularly registered physician of the state, and, if the purchaser of the liquor is not named in the indictment, that defense becomes practically unavailable to him. That view was approved by the supreme court, to which we certified the case for its final determination, in an opinion filed February 2, 1892, but not yet reported. It results from this that an indictment or information against a druggist, which fails to state the name of the purchaser, is bad even after verdict, because the statute of criminal jeofails (R. S. 1889, sec. 4115) expressly provides that nothing therein "shall be so construed as to render valid any indictment which does not *fully inform* the defendant of the offense of which he stands charged," and this indictment is fatally defective in failing to do so. The

case is not one of variance, but one of an omission of an essential averment, and such omission has always been held fatal, and not cured either by the evidence or statute. *Wheat v. State*, 6 Mo. 455; *State v. Welch*, 28 Mo. 600; *State v. Hogan*, 31 Mo. 340; *State v. Wacker*, 16 Mo. App. 417. The motion in arrest should have been sustained.

The judgment is reversed and the cause remanded to the trial court, with directions to sustain the motion in arrest. The prosecuting attorney of Lawrence county may then proceed, under the provisions of section 4002 of the Revised Statutes of 1889, if so advised. All the judges concurring, it is so ordered.