STATE OF MISSOURI, Respondent, v. BARNEY O'CONNOR, Appellant.

### St. Louis Court of Appeals, May 15, 1894.

Criminal Law: INFORMATIONS FILED IN CIRCUIT COURT. An information filed by the prosecuting attorney in the circuit court during the term, or with the clerk in vacation, must be verified by him or by the oath of some person competent to testify; otherwise it is fatally defective.

*Appeal from the Madison Circuit Court.*—HON. JOHN H. RANEY, Special Judge.

REVERSED AND REMANDED *(with directions)*.

*William N. Nalle* and *L. R. Thomasson* for appellant.

The information must be verified, as well as signed, by the prosecuting attorney, or by the oath of some person competent to testify as a witness and who knows the facts, or supported by the affidavit of such persons; but the verification of the prosecuting attorney may be upon information and belief. Const. of Mo., art. 2, sec. 12; R. S. 1889, secs. 4057, 4058.

*Thos. Holladay*, Prosecuting Attorney, for respondent.

BOND, J.—Defendant was arrested upon a warrant issued by the clerk of the circuit court, based upon an information by the prosecuting attorney of Madison county, filed in the office of the clerk of the circuit court of said county and charging the defendant with being a merchant and unlawfully selling certain. fer-

mented liquor in less quantities than five gallons, to wit, one case of beer, without a dramshop keeper's license or any other authority to sell the same. The information was filed by the said prosecuting attorney under his oath of office, and duly signed by him and indorsed with the names of witnesses, but not otherwise verified.

The defendant pleaded not guilty, whereupon the cause came on for trial by the court, both parties having waived a jury. There was evidence tending to sustain the charge contained in the information. The court found the defendant guilty, and assessed his punishment at $100. From this judgment, after the overruling of his motions for a new trial and in arrest of judgment, defendant took an appeal.

The first point urged by appellant for a reversal of this cause is that the information, although signed by the prosecuting attorney, was not verified by his oath or that of some person competent to testify, and therefore his motion in arrest of judgment should have been sustained.

This assignment of error is well taken. The statute expressly provides, in reference to informations filed in the circuit court during term or with the clerk in vacation, that they *shall* be signed by the prosecuting attorney, and be verified by his oath or by the oath of some person competent to testify. R. S. 1889, sec. 4057. It is true that no such provision is contained in the chapter relating to proceedings before justices of the peace. R. S. 1889, sec. 4328, *et seq.* Nor is it necessary, in case of an information filed before a justice of the peace, that it should be sworn to by the prosecuting attorney or some other person. In such cases he acts officially under his oath of office. *State v. Ransberger*, 106 Mo. 145.

In the case at bar the information was filed in the

office of the clerk of the circuit court. It was, there-
fore, within the strict letter of the mandatory statute
governing proceedings upon information in that court,
and, not being verified as required by that statute, it
was fatally defective. R. S. 1889, sec. 4057, *supra.*
The court should have sustained the motion in arrest.

We are, however, satisfied from an examination of
the testimony preserved in the record that there is a
probability of the conviction of the defendant under a
proper information. We therefore reverse the judg-
ment, and remand the cause with directions to the trial
court to sustain the defendant's motion in arrest of
judgment, and then proceed under the provisions of
section 4275 of the Revised Statutes of 1889. *State v.
Cassity*, 49 Mo. App. 300.

It is so ordered. Judge ROMBAUER concurs. Judge
BIGGS is absent.