# Hannigan *v.* The State.

## *Indictment for Arson.*

1. *Arson; sufficient evidence as to ownership.*—Where an indictment for arson lays the ownership of the store alleged to have been burned in a corporation, and the evidence shows that the house set fire to was the property of said corporation and was used by it as a general merchandise storehouse, such evidence sufficiently shows the ownership as alleged in the indictment, to support a judgment of conviction; and a charge requested by the defendant is properly refused, which instructs the jury that "if the State failed to prove by evidence of title ownership of the property fired, as charged in the indictment, the jury can not find the defendant guilty."

2. *Evidence; when not circumstantial.*—Where on the trial of a criminal case, the evidence discloses a positive confession by defendant of having committed the crime charged, such evidence is direct and not circumstantial; and, therefore, charges requested by the defendant in such case, which assert that the evidence against the defendant was circumstantial, are erroneous and properly refused.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. J. J. MAYFIELD.

The appellant in this case was tried under the following indictment: "The grand jury of said county charge that before the finding of this indictment Dan Hennigan *alias* Dan Hannigan, willfully set fire to or burned a store of the Alabama Consolidated Coal and Iron Company, a corporation, which with the property therein contained was worth more than five hundred dollars, against the peace and dignity of the State of Alabama." The defendant was convicted of the offense charged, and sentenced to the penitentiary for two years.

The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (4.) "The court charges the jury that if the State failed to prove by evidence of title, ownership of the property fired as charged in the indictment, the jury can not find the defendant guilty." (5.) "The evidence against the defendant is circumstantial, and before you can find him guilty on such testimony, the proof must be very strong and cogent, so much as to exclude every reasonable doubt and probability of his innocence." (7.) "The evidence on the part of the State against the defendant is circumstantial, and before you can find him guilty on such testimony, you must believe from the evidence beyond all reasonable doubt and to a moral certainty that no other person could have done the burning."

DANIEL COLLIER, for appellant, cited *Boles v. State,* 46 Ala. 207; *Overstreet v. State,* 49 Ala. 30; *Pierson v. State,* 99 Ala. 151; *Carson v. State,* 50 Ala. 138.

CHAS. G. BROWN, Attorney-General, for the State. Charge 4 requested by the defendant was not a correct exposition of the law, and had a tendency to mislead. For this reason it was properly refused.—*Adams v. State,* 62 Ala. 189; *Childress v. State,* 86 Ala. 57.

[Hannigan v. The State.]

Charges 5 and 7 were properly refused.—*Cotton v. State,* 87 Ala. 75; *Rain v. State,* 88 Ala. 91; *Greene v. State,* 97 Ala. 59; *Dennis v. State,* 118 Ala. 72; *Brown v. State,* 29 So. Rep. 200; *Yarbrough v. State,* 115 Ala. 92; *Allen v. State,* 111 Ala. 81.

TYSON, J.—The defendant was indicted for the offense of arson in the second degree. The indictment laid the ownership of the store charged to have been willfully set fire to and burned by defendant in the Alabama Consolidated Coal and Iron Company, a corporation. The evidence tended to show that the house set fire to was the property of that corporation and was used by it as a general merchandise storehouse and that it contained at the time property worth more than five hundred dollars. There was no other evidence of ownership. The following charge in writing was refused to defendant, to-wit: "The court charges the jury that if the State failed to prove by evidence of title, ownership of the property fired as charged in the indictment, the jury cannot find the defendant guilty." This charge is a copy of the one which the court held in *Boles v. The State,* 46 Ala. 207, was good and should have been given. The reason assigned was: "The form of the indictment requires this allegation. These are the forms prescribed by law. What they contain is required to be alleged. And what is required to be alleged must be proven." It is true ownership must be alleged. "But at common law and under the statutes the offense is against the possession rather than the property. * * * The possession, not the tenure or interest in the property, must be described. * * * Therefore, at common law, the offense reaches only the dwelling house, the indictment must have averred it was the house of him in whom the fee resided, if in fact another had the actual occupancy, even though the occupancy was wrongful."—*Adams v. The State,* 62 Ala. 177; *Heard v. The State,* 81 Ala. 55; *May v. The State,* 85 Ala. 14. In *Davis v. The State,* 52 Ala. 357, the indictment was in the Code form, as here, and the ownership of the house was laid in Jennie Pharr, a servant of the owner of it, who was occupying it as her dwelling when the offense was committed. The court said: "In

the case of *The People v. Van Blaicum* (2 Johns. 105), it is held, if one be indicted for burning the dwelling-house of another, it is sufficient if it be, in fact, the dwelling-house of such person. The court will not inquire into the tenure or interest which such person has in the house burned. It is enough that it was his actual dwelling at the time. In 1 Bish. Cr. Pr., § 573, the rule is stated to be that the house must be laid to be the dwelling-house of the real occupier." For aught appearing in *Boles' case,* the State relied exclusively upon title to the property to support the ownership laid in the indictment and not upon possession. Indeed, in that case, it does not appear there was any evidence of actual possession by the alleged owner, or any one else, of the property charged to have been set fire to. While the charge should have been given under the facts of that case, it was, to say the least of it, manifestly misleading, when applied to the facts of this one and was properly refused.

The evidence discloses a positive confession by defendant of having committed the crime. This is not circumstantial evidence, but direct.—Burrell Cir. Ev., 495; Wills' Cir. Ev., 16, 68; Green. Ev. (16th ed.), §§ 13, 14; *Dennis v. The State,* 118 Ala. 79; *Greene v. The State,* 97 Ala. 63. Charges 5 and 7 assert that the evidence against defendant was circumstantial and for that reason were properly refused.—*Cotton v. The State,* 87 Ala. 75; *Greene v. The State, supra; Dennis v. The State, supra.*

Affirmed.

