### W. L. & G. VAUGHN v. STATE OF MISSOURI.

1. In an indictment reciting that the grand jurors were "empannelled, sworn and charged, &c." *time* and *place* need not be laid, to show *when* and *where* they were so sworn.
2. An indictment charging that defendants "did exercise the business of a public auctioneer, and then and there sold goods as such auctioneer, &c." pursues the essential descriptive words of the statute, and is good.
3. It is error to charge *two* persons with jointly exercising the trade of an auctioneer.

ERROR to the circuit court of Pike county.

*Chambers,* circuit attorney, for the State:

This was an indictment against the defendants for exercising the business of an auctioneer without having license. Upon the trial of the cause the jury rendered a verdict of guilty, and found that the amount of goods sold by the defendants, was $250, which gave the State a right to the sum of $7 50, for the revenue on the amount sold.

Instructions were asked on both sides; some were given, and others refused by the court.

After the verdict was rendered, the defendants moved for a new trial, which was refused; and the court further refused to sign a bill of exceptions, in the cause containing the evidence. A motion was made in arrest of judgment, which was also overruled by the court. In this, the court likewise refused to sign the bill of exceptions. The question as to the right of the parties to their bills of exceptions in this cause, does not appear to be a legitimate point between the State and the defendants in a writ of error. The better practice would seem to be, to try that question on a motion for a mandamus against the Judge.

But if this is a legitimate question in this proceeding— then I contend, that the court properly refused to sign the bill of exceptions, upon the following authorities:

4. Hawkin's Pleas of the Crown, 457; 2 Mo. Decis., 213; 13 Johnson Rep. 90; Phillips Ev. 213; 1 Chitty on Crim. Law, 503; 3 Mo. Decis., 334; State vs. Mitchell; State vs. Harry, a slave.

APRIL TERM
1837.

W. & G. Vaughn
v.
State of Missouri.

No decision of this court can be had on the judgment of the court below in giving and refusing the instructions, and in refusing a new trial, unless the bill of exceptions is first made a part of the record. From this view of the case, I hold, that there are but two points presented to this court for its action, at this time, (to wit:)

1st. Does the indictment sufficiently charge the offence contained in the second section of the act relating to auctioneers?—see Revised Laws, 161, sec. 2. That the offence is well charged—see 2 Gallison Rep. 15; Cox. Dig. 357, page 13.

2nd. Were the parties properly joined in the same indictment? Upon this point—see 1 Chitty Crim. L., 220; 3 Bac. Abridg., 563; 2 Burn's Just., 660.

*Heard,* on same side:

The objections urged to the indictment are, first—that the indictment does not shew that the grand jurors were sworn in Pike county.

Second.—That the indictment does not pursue the words of the statute defining the offence.

Third.—That the indictment does not aver the goods sold, were subject to duty.

Fourth.—That two were jointly indicted; whereas, there should have been several indictments.

And first, that the indictment does not shew that the jurors were sworn in Pike county. To sustain this objection—3 Johnson's cases, page 265, is referred to.— And that case turned on the authority of the cases reported in Vent. and Strange, there referred to; which were founded on indictments found at the Quarter Sessions; and those cases, and this doctrine, arose only in indictments found at the Quarter Sessions. As it regards the power and duty of the court of Quarter Sessions—Oyer and Terminer, and Sessions of the peace, &c. See Circuit Crown Companion, page 1, 13, 17 and 27. By this authority it seems necessary, that an indictment found at those Sessions, must have a caption, stating the fact of their appointment and the powers conferred by it; and in the caption, also, it is stated, that the jurors were *then and there sworn.* See 1st Chitty's criminal law, page 113 and 114, top. It will be seen by these authorities, that those courts tried no cause save petty larceny and misdemeanors; and all other indictments found in their courts are sent to the assizes.— Hence it is, that greater certainty is required in the caption of an indictment—and the suggestion made by Ch.

J. Kent, in the decisions referred to in 3rd Johnson, at, once shows, that the doctrine is confined to indictments found at the Quarter Sessions. For he says—that in the case of the King vs. Larneth, (1 Mod.,) which was an indictment found at the *Quarter Sessions,* the words *then and there charged and sworn* were omitted; and the whole court of K. B. held the omission fatal, and quashed the indictment. The clerk of the Crown office, that is, of the Session courts, informed the court that this was *always the course* to be taken, and that the above words were necessary where the caption is recited.

APRIL TERM
1837.

W. & G. Vaughn
v.
State of Missouri.

The second objection is, that the word *and* is used in the indictment, and the word *by* is used in the statute. I grant sir, that it is necessary to use the words used in the statute defining the offence, but this not being one of them, and being used merely to connect two sentences, is not material. See 3rd Bacon, page 570.

The third objection is, that the indictment does not aver that the goods sold, were subject to duty. As to this point—see 1 Chitty, page 233, top page, note (a); and authorities there referred to—3 Bac. Ab., 570-1.

The fourth point contended for, is, that two were jointly indicted.

Several may be indicted for a misdemeanor. See 1st Chitty's criminal law, 220 and 1; 4 Bl. Com., 36; 7 East, 65; 1 Hale, 615, 521-2.

*U. Wright,* contrary:
The defendants rely on the following points:
1st. That a bill of exceptions ought to be granted in all cases of a mere misdemeanor; and especially in cases for the collection of the revenue. 2 In., p. 527; 1 Bac. ab., p. 528; 4 vol. Haw. P. C., p. 457, sec. 210; M. L., page 320, sec. 28; also, p. 631, sec. 39; 3 M. D., p. 283; 1 Chitty C. L. p. 508; Phillips Evid., p. 214; 1 vol. Starkie's Ev., p. 430; 4 Black. Comm., page 5 and note 1; M. L. p. 491, as to common law; also, p. 164, sec. 12, as to the auction.

2d. If the bill of exceptions be allowed, we contend that the court ought to have granted a new trial, on the grounds, that he gave wrong instructions to the jury, and refused to give those that were right. That the evidence in the bill shows, that the sale of the goods was authorized by the statute. That the sale by auction is an individual act, and not joint act. That there was no evidence against George Vaughn, except as he was a partner in merchandize with Wm , and that Wm. sold some,

Hughes sold some, and Trimble sold some; and each was liable for his own act, and not for the other. The verdict being joint, and the fine assessed joint—it ought to have been set aside and a new trial granted. M. L., p. 320; sec. 28; 1 Chitty Crim. L., top page, 533; 2 Tidd, page 813, 821.

3d. That the indictment is wholly insufficient. It does not bring the defendants within the provisions of the statute. The selling by auction without license is an individual act; and those offending against it, are liable separately and not jointly, any more than for a *perjury*, and in other respects, is too uncertain. M. L., p. 160, sec. 2, 1 and 5; 1 Chitty C. L., 539 to 41; 2 Tidd, 826; 2 vol. M. Dec., p. 228, 3 vol. p. 63; 1 Chitty C. L., top page 220 and 221. It does not appear that the jury were sworn in the county of Pike. See 3 Johnson's cases, p. 265.

*Chambers*, in reply:

I contend that this is but a proviso, which is made for the defendant's benefit, and that the prosecutor was not bound to negative it, nor to prove it. For the provisos of a statute, are not to be negatived by the prosecutor. See 1 Chitty, 233. The averment would be an affirmative averment, and therefore the prosecutor bound to prove it true.

*U. Wright*, in reply:

1st. 3 J. cases 267, proves the indictment bad for want of oath to jurors.

2d. Indictment bad under the statute.

1st. Because it does not pursue the language of the statute: see Starkie's criminal treaties, p. 253–252–251, overruling the dictum of Justice Foster; 1 C. C. Law, top page, 235. The exceptions to the rule are not law, being founded on Foster's dictum, and being not countenanced by later decisions; and for this, also 1 C. C. Law, page 237, top.

It has been said that where the statute is recited, the language of the statute may be omitted. This is not law; see Starkie's Crim. Treaties, page 247 and 248; also 1 C. C. Law, page 237, top.

2d. It does not mention all the circumstances contained in the statutable definition of the offence; see Starkie's Crim. Treat. p. 242; 1 C. C. Law, p. 231–232.

3d. The defendants are indicted as for a joint offence, and the judgment is joint, whereas each is responsible for

himself. See 1 Starkie's Crim. Treaties, p. 39; 1 C. C. Law, page 220, 221, top. The cases cited of joint indictments are all cases in which the parties were charged seperaliter; see 1 Starkie's Crim. Treat. page 47 and 48.

4th. The indictment is too loose; see Starkie's Crim. Treat. page 267. It must contain a direct, positive, single and definite charge.

This indictment charges—

1st. That the defendants exercised the trade and business of an auctioneer, which is too general, for it may be done in *two* ways.

2d. It charges him with selling, unlawfully, *as such auctioneer*, goods, wares and merchandize, &c. without a licence. This is a separate charge, though intended for a specification of a more general charge. But it is itself defective, as a charge, because it omits to allege that they exercised the trade and business of an auctioneer—which is the *offence* under the statute, though that offence may be committed in two ways.

Statement of the case made, and opinion delivered by TOMPKINS, Judge.

-Wm. L. and George Vaughn were indicted for selling goods at auction without a license, and being found guilty, they moved in arrest of judgment. Their motion was overruled, and a judgment entered up against them. To reverse that judgment, they sued out their writ of error, and have brought up the cause to this court.

For the plaintiff in error, it is contended,

1st. That the indictment is bad for want of an oath to the jurors.

2d. The indictment is bad under the statute. 1st. Because it does not pursue the language of the statute.

2. Because it does not mention all the circumstances contained in the statutory definition of the offence.

3d. Because the defendants are indicted for a joint offence, and the judgment is joint: whereas each is responsible for himself.

1st. That the indictment is bad for want of an oath to the jurors.

The indictment runs thus: "The grand jurors for the State of Missouri, empannelled, sworn and charged, to inquire in and for the body of the county of Pike, &c." It was contended in argument, that it did not appear from the indictment that an oath was administered in the county, and at the time, &c. And this is probably what the counsel meant by saying, the indictment was bad for

*Margin:* APRIL TERM 1837.

W. & G. Vaughn v. State of Missouri.

In an indictment reciting that the grand jurors were "empannelled, sworn and charged, &c." *time and place* need not be laid, to show *when* and *where* they were so sworn.

APRIL TERM
1837.

W. & G. Vaughn
v.
State of Missouri.

want of an oath to the jurors. The authority cited from Johnson's cases, in the supreme court of the State of N. York, does not appear to be in point. In that case the defendant was convicted at the general sessions of the peace of the county where the offence was charged to be committed; and the *nisi prius* system being adopted in New York as in England, it will become necessary to state in the indictment that the oath was then and there administered. In our State, judgment is entered up against the accused in the circuit court, where his conviction took place. And it does not become necessary to inform the court that its own jury was sworn in the county at the time, &c. That court is bound to take notice of its own proceedings.

An indictment charging that defendants "did exercise the business of a public auctioneer, and then and there sold goods as such auctioneer, &c." pursues the essential descriptive words of the statute, and *is good.*

2d. That the indictment does not pursue the language of the statute. The indictment charges that the defendants did exercise the business of a public auctioneer, and did then and there as such auctioneers sell goods, &c. having no license do so. It is contended that the indictment should have pursued more strictly the words of the law. The first section runs thus: "No person shall exercise the trade or business of a public auctioneer by selling goods or other property, subject to duty under the law, &c." It was insisted that the indictment should have charged that defendants exercised the trade or business of a public auctioneer by selling goods, &c. not subject to duty. Reference is made to 25 3d page of Starkie's criminal treaties, where a dictum of Mr. Justice Foster is said to be overruled. In his report of the case the King v. McDaniel and others, he says in the case cited, the indictment was holden to be sufficient, though the words of the statute of Phillip and Mary, were not pursued. The words "*excitavit movit et procuravit*" being deemed tantamount to "counsel hire or command." Mr. Justice Foster says: I take this to be good law, though I confess it is the only precedent I have met with where the words of the statute have been wholly dropped. The case before us is an indictment for a misdemeanor, and the words of the statute are not wholly dropped, as in the case cited by Foster, but the words of the legislature, defining the offence, are carefully preserved, and attended to in the description of the offence. The indictment charges most positively, that they sold goods, &c. in the words of the statute; and if it had been true that these goods were not subject to duty, on account of any saving or proviso in the statute, the defendants might have pleaded it—see 3 Bac. abrid. 570.

In the third point made by the defendants we find more weight. It appears to us, upon mature consideration, that two persons can no more be jointly guilty of exercising the trade or business of an auctioneer without license, than they could be jointly guilty of speaking slanderous words. For this reason, we think the indictment is bad, and the judgment of the circuit court ought to have been arrested. The judgment is therefore, reversed.

APRIL TERM
1837.

It is error to charge *two* persons with jointly exercising the trade of an auctioneer.

