*The State of Missouri* vs. *John H. Gay, et al.*

THE STATE OF MISSOURI vs. JOHN H. GAY, ET AL.

1. Several persons may be jointly indicted for any offence which may be committed by several.

2. In such indictment, it is not necessary to allege that defendants were partners—there being no partnership in crime.

3. Where several are jointly indicted, the punishment of each shall be separately assessed.

*The State of Missouri* vs. *John H. Gay, et at.*

## ERROR to St. Louis Criminal Court.

Stringfellow, *Attorney General, for the State.*

1. The indictment is in proper form. In the case of the State vs. Harrison, 9 Mo. R., 530, an indictment in this form was held good.

2. Two or more may be jointly indicted for keeping a ferry. Any number of persons may be jointly indicted for any offence which may be committed by several jointly.

3. It is not necessary to allege that they were partners—they may not have been partners—indeed, there are no "partners" in crime. Principals, agents and servants may all be jointly indicted.

Scott, J., *delivered the opinion of the Court.*

This was an indictment against the defendants for keeping a ferry without license. A demurrer to the indictment was sustained. The principal question in the cause is, whether several may be joined in one indictment for keeping a ferry without license. Notwithstanding some conflict of opinion in the books as to the cases in which several may be joined in one indictment for an offence, the principle seems well established, that notwithstanding the offence of several persons cannot but in all cases be several, because the offence of one cannot be the offence of another, but every one must answer severally for his own crime; yet if it wholly arise from any such joint act, which in itself is criminal without any regard to any particular personal default of the defendant, as the joint keeping of a gaming house, the joint commission of a felonious assault, or maintenance, or extortion, &c., in such cases the indictment may either charge the defendants jointly and severally or may charge them jointly only, without charging them severally, because it sufficiently appears from the construction of law. And on such indictments some may be convicted and others acquitted. 2 Hawkins, 342. There is no partnership in crime, and it is not necessary to allege that several committed an offence as partners. In the case of Rex vs. Benfield & others, 2 Bur. 980, the Court of King's Bench sanctioned the principle above stated, and held that several may be jointly indicted for singing a libellous song. The case of W. & G. Vaughn vs. State, 4 Mo. Rep., 530, may seem at variance with the doctrine above stated, but it cannot be considered as overturning the well established principles of law, and is predicated on the idea that the act of auctioneering is of such a nature that it cannot be performed jointly.

29

When several are joined in one indictment, a joint award of one fine against them all is erroneous, for it ought to be several against each defendant, for otherwise one who has paid his proportionable part might be continued in prison till all the others have also paid theirs, which would be in effect to punish him for the offence of another. 2 Hawkins, 633.

The other Judges concurring, the judgment will be reversed.