# THE STATE OF MISSOURI vs. GEORGE G. PRESBURY.

1. An indictment for a violation of the 4th sec. of the "act to prevent illegal banking, and the circulation of depreciated paper currency, &c.," which describes the offence in the words of the act is good.
2. Several persons may be jointly indicted for a violation of the "act to prevent illegal banking, and the circulation of depreciated paper currency, &c."
3. Where an indictment for a violation of the 4th sec. of the act to prevent illegal banking describes the offence in the words of the act, a general conviction or acquittal, would constitute a bar to a subsequent indictment for a similar offence, during the period covered by the terms, and intendment of the averments in the former indictment.

APPEAL FROM ST. LOUIS CRIMINAL COURT.

LACKLAND for the State.

In this case the motion to quash, raises five questions, although there are seven reasons set out in the motions. Which five questions go to the sufficiency and validity of the indictment.

1. That the indictment is bad, because, although the facts therein, alleged may be sufficient to constitute an offence, the description of the bank notes is insufficient.

2. That the indictment is bad, because the facts alleged, therein, constitute no offence.

3. That the indictment is bad, because there is no sufficient venue.

4. That the indictment is bad, because there is no sufficient statement of time.

5. That the indictment is bad, because the defendants were jointly indicted for separate offences.

As to the first question, it is contended the indictment is good. It follows the words of the act creating the offence, which as a general rule is sufficient, and is contended to be sufficient in this case. State vs. Bougher, 3 Blackf. 307; U. States vs. Wilson, Bald. 78; State vs. Lancaster, 2 McLean 431; State vs. Duncan, 9 Port. 260; State vs. Mitchell, 6 Mo. 147; State vs. Helm, 6 Mo. 263; State vs. Noel 5 Blackf. 548.

An indictment charging a statute offence in the language of the statute, and so plainly that the

nature of the offence may be understood by the jury, is sufficient. Chambers vs. People, 4 Scam. 351; Camp vs. State, 3 Kelley 417.

As to the second question, it is contended the description of the bank notes is sufficient, they are described in the words of the statute, and it is not necessary to set them out in the indictment. It is not necessary in an indictment, for vending or publishing lottery tickets to set out the ticket in the indictment, and there is nothing in the character of this offence requiring more particularity than in the case of vending or publishing lottery tickets. State vs. Fallet, 6 N. Hamp. 53; State vs. Eaton, 15 Pick. 273; People vs. Taylor, 3 Den. 91; Clapp vs. State 5 Pick. 41; Commonwealth vs. Johnson, Thather crim. cases, 284; 8 Mo, 606; 8 Mo. 697.

As to the 3rd and 4th questions raised by the motion to quash, it is contended that the allegations of time and place are sufficient. They accompany the allegations of the offence. It is not necessary for the allegations of time and place to accompany mere matter of description.

As to the 5th question, it is contended, that there is in the indictment a misjoinder of parties in other words, that the indictment is bad, because it alleges an offence to have been committed by more than one, which in its nature, could only be the offence of one. The offences of passing and receiving paper currency in bank notes of less denomination than ten dollars, is an offence which may as well be jointly committed as the offences, larceny, burglary, murder or manslaughter, or the keeping of a ferry without license. This court is the case of State vs. Vaughan, 4 Mo. 530, decide that two cannot be jointly indicated for carrying on the business of an auctioneer without license, because the party who cries the goods or sells the goods at public out cry, is in law the auctioneer. And that the crying or selling the goods at public outcry is an act, which in its nature, cannot be jointly done. Another case of this class is cited, the case uttering slanderous words and cases of perjury. This court in 10 Mo. 440, decide that more than one can be indicted for keeping a ferry without license, and it is contended that the present case is similar in principle.

## HAIGHT for defendant.

1. The indictment does not set forth the offence with that particularity, and certainty required by the old or modern forms. There is not a sufficient statement that the court can judicially see that an offence has been committed. The offence is the passing a bank note or other paper currency of a less denomination than ten dollars. It is the description of the instrument that creates the offence. The gravamen is the kind of paper. What is or is not a bank note, will be a question of law when the facts are ascertained. There is no technical statutory description of a bank note, and if there was it would not be the less necessary that it should be described. The gravamen is not as in larceny, the value of the thing taken. The gist here, is that the paper must be such as may be used as currency. There may be and doubtless are many notes made by banks, and therefore, bank notes not within the prohibition of the act. A bank may make a note not negotiable, and therefore, not capable of entering into the currency of the country. The gist here, is the same as in forgery. It depends upon the kind and character of paper, whether there is an offence, and it cannot be known unless the kind of paper is described. The defendant cannot know what he is to meet any more than he can in forgery, unless the paper is described. It never was deemed sufficient in forgery, to aver the false making, &c., of a promissory note for the payment of money—the note is either set forth or so described, that it may be seen to be an offence. The defendant has a right to know what bank issued the note and all those particulars which go to define the offence. In Wales vs. the State, 10 Mo. 498; and in Austin vs. the State, ibid. 596, the true rules are stated and their application to this case is manifest. In some cases a more particular description may be executed by proper averments in the indictment—as that the note is lost or destroy-

ed, &c.   In this case for any thing that appears, the prosecutor has the notes, and yet they are not described.

2. Each count in the indictment contains several distinct offences.   The offence is created by passing any bank note of a less denomination than ten dollars, the indictment states various offences of this kind, with various individuals in one and the same count.   This is duplicity and not allowed.   15 Pickering Rep. 273.   This case is referred to, because it may be supposed to aid the State, and because it contains the rule on the subject of duplicity.   That it is no authority for the general pleading adopted in the case is apparent from the point made, being duplicity only, and the indictment is not set out.   23d. Wendell 418, contains the form of an indictment for selling lottery tickets, and the ticket is set out.   Case cited by State, 3d Denis 91; People vs. Taylor, contains the general rules, and their application; see People vs. Payne 3d Denis 88.

3. The defendants if convicted or acquitted, could not plead the judgement in bar, because there is no sufficient description of the offence.

4. The defendants are indicted jointly for an offence several in its character and necessarily so.

5. The indictment does not shew any offence whether the statute does not specify that the particular notes were promisory or ordering the payment of money or other thing, "being then and there the currency," what does this mean?   Its legal and constitutional meaning is gold and silver coin.

6. The second is clearly bad, in not alleging the receiving within the State.   The omission of the words then and there is fatal.


Judge BIRCH delivered the opinion of the court.

The defendant in connexion with three others (partners doubtles but not so stated) was indicted for having violated the fourth section of the "act to prevent illegal banking and the circulation of a depreciated paper currency."   The indictment contains two counts.   The first charging the defendants with passing and the second with receiving, bank notes promissory of the payment of money of less denominations than ten dollars, the same being then and there currency &c.   Presbury alone was served, but the motion to quash and the bill of exceptions being alike personative of *all* the defendants, we shall treat the case here as though they were all jointly and each for himself, complaining of the impropriety and insufficiency of the indictment, leaving the question as to what other effect, if any, shall be given to such a quasi appearance, to be determined (if necessary) hereafter.

The ground of the motion were want of sufficient venue, insufficient description of the offence, misjoinder of defendants, and general informality.   The motion was sustained and the State appeals.

The first point has relation to the second count only, in which the venue is to us sufficiently apparent, abberrated, or otherwise reduced to its essence, it would read, that "the defendants, at the county of St. Louis aforesaid, unlawfully did receive" &c.   As the courts of the State

will judicially take notice of the names of its several counties, and as the indictment otherwise imports to have been found by "the grand jurors of the State of Missouri, within and for the body of the county of St. Louis," we are unable to perceive in what respect this averment is substantially defective or objectionable.

Concerning the second objection, namely, the want of particularity and certainty respecting the kind of notes received and passed by the defendants, this court has heretofore held, and it has been almost every where holden, in reference to analogous statutory offences, that averments in substantial conformity with the terms of the act were all that was necessary in charging the commission of an offence thereby created. We perceive no reason for departing from the rule thus established in the case before us, but much to induce an adherence to it. The statute, in unambiguous, every day terms, creates and defines the offence and denounces the penalty for its infraction. The indictment in like terms, understood by every body, charges the defendants with having committed the offence and incurred the penalty. Had issue, therefore been taken, as it should have been, the question for the jury would have been a simple one, namely, did the testimony support the indictment, that being in the very words of the law ? If so, the defendants were guilty of violating that law, and courts should be slow to lend themselves, when acting under statute of this nature, to a strictness so technical, if not obsolete as to embarrass if not defeat, in most instances, the very end and aim of the law giving authority. So far from censuring, we think the attorney for the State did well in foregoing the unnecessary task of attempting to describe the notes ; for had he done so, and from any cause failed upon the trial to sustain the description, we need scarcely refer to the rule which might have well justified the judge below in directing an acquittal.

To our apprehension, the gravamen in this case consists, as set forth alike in the law and the indictment, in giving currency to "bank notes" under ten dollars. The applicability, therefore, of former opinions of this court, in the cases referred to by the defendants counsel, is not as "manifest" to us as it seems to have been to him. In the indictment before us, the averment in the first count is, that the defendants passed to various persons, designating them by name, and to various others unknown to the jury, forty bank notes of the denomination of one dollar; forty of the denomination of three dollars and forty of the denomination of five dollars. The second count is substantially as the first one, except that the averments are for receiving such notes from the persons

mentioned and others unknown, and both allege the said notes to have been "then and there currency" &c.   Surely it appeared thereby, with "sufficient judicial certainty that the indictors had not gone upon in sufficient premises," and that the indictment was "a plain brief and certain narative of an offence alleged to have been committed by the defendants."

Respecting the point thirdly relied upon by the counsel for the defendant, it was competent and proper, in our estimation, for the grand jury to proceed either against the most prominent offending member of the banking house in question, or to include all the partners in the same indictment, according to the circumstances of the case.

We can well imagine reasons which would properly determine them to the one course or the other, and which would properly determine, also, the finding upon the trial, some guilty and others not, and this whether severing or standing together in their defence.   In short, that is a discretion of which defendants cannot be heard to complain, for under other guarantees of the law it cannot possibly injure, but may greatly serve them.   So, also, in relation, generally to the informal and unspecific nature of such indictments as the present, the State only incurs the risk of real detriment.   In the case before us, not only would a general conviction or acquittal of the defendants, or either of them, be properly pleadable, by them or him in bar of a subsequent indictment for illegally dealing with the persons therein named, but in consequence of the averment that the defendants also thus illegally dealt with "divers other persons to the grand jurors unknown," such a finding would at least presumptively constitute a bar to any subsequent charge for a similar offence during the period covered by the terms and intendment of the averments in the former indictment.   This would be so, we apprehend, as well if the second indictment particularised the offence by describing the notes, as if it were again drafted in but general conformity with the terms of the statute ; so that whilst readily perceiving how it may happen, through the haste or inadventence of the attorney for the State, that he may be estopped by a verdict upon a loose and general indictment from bringing a new and more specific one, there is no view of the case in which we can conceive that such a practice can work wrong or injustice to a defendant.

Upon the whole case, then, let the judgment of the criminal court be reversed and the cause remanded.

I agree to reverse the judgment of the court below, concurring in the main in the above opinion.                   J. F. RYLAND.