State v. Craighead.

This motion was sustained by the court, to which the State excepted and brings the case to this court by appeal.

*Aikman Welch*, attorney general, for the State.

I. The indictment may not use language sufficient to make it good, under art. 8, § 8, of the act in regard to Crimes and Punishments, (R. C. 1855, p. 624,) but it will be found to be a good indictment at common law. (Arch. Crim. Plead. 494; State v. Appling, 25 Mo. 315; 4 Black. Com. 65, *n.*; Gresham et al. v. The State, 2 Yerg. 589; 1 Russ. Crimes, 46.)

————◦◦◦————

STATE, Respondent, v. STEPHEN CRAIGHEAD, Appellant.

32 561
90a 244

*Indictment—Jeofails.*—A mistake in an indictment, which stated that the defendant, with a knife, did feloniously assault and wound one Dunlop, by means of which wounding the life of the said *Craighead* was then and there endangered, &c., is cured by the 27th sec. of art. 4 of Act of Practice in Criminal Cases, R. C. 1176, the mistake being merely clerical, and in no way tending to prejudice the substantial rights of the defendant.

*Appeal from Callaway Circuit Court.*

*Welch*, attorney general, for the State.

I. The indictment was sufficient, and the court committed

no error in overruling the motion of defendant to quash. The indictment is framed under sec. 39, art. 2, Crimes and Punishments, R. C. 567, and charges the defendant with a *felonious* assault. Had death ensued from the wound inflicted by defendant, it would, under the averments of the indictment, have amounted to manslaughter in the third degree. (R. C. 1855, p. 561, § 13.) Hence, so far as the indictment shows upon its face, (and the court cannot, on a motion to quash, examine into the evidence,) the assault charged was a *felonious* assault.

II. The second reason assigned by defendant in his motion to quash, (and it is the only other ground assigned,) is, that the defendant is charged with inflicting a wound upon *Dunlop*, whereby the life of defendant *Craighead* was endangered. This is a mere clerical mistake by the circuit attorney, and did not in the least degree prejudice the case of the defendant, or operate to his injury ; and was, therefore, no sufficient reason to quash the indictment. (1 R. C. 1855, p. 1176, § 27.) The words, "the said Craighead," in the close of the indictment, may be rejected as surplusage. (1 Chit. Plead. 230 ; 1 Salk. 324.)

BAY, Judge, delivered the opinion of the court.

The defendant was indicted at the October term, 1860, of the Callaway Circuit Court, for a felonious assault upon one William T. Dunlop. The indictment was framed under the 39th sec. of art. 2 of the statute relating to Crimes and Punishments, and is in the words and figures following :

"The grand jurors of the State of Missouri, empannelled, sworn and charged to inquire in and for the body of the county of Callaway, on their oaths present that heretofore, to-wit, on the first day August, 1860, at the county of Callaway, one Stephen Craighead, without a design to effect death, and in the heat of passion, with a dangerous weapon, to-wit, a certain knife which he, the said Craighead, then and there had and held in his right hand, did then and there with said knife wilfully and feloniously assault and wound one Wil-

liam T. Dunlop, by means of which said wounding and assaulting of said Dunlop by the said Craighead then and there, the life of him, the said *Craighead*, was then and there endangered, against the peace and dignity of the State."

At the April term following, a trial was had, and the defendant was convicted and fined in the sum of one hundred dollars.

No objections were made, or exceptions taken, to the instructions of the court below, and the only question raised by the record is as to the sufficiency of the indictment. After alleging the assault committed upon the person of Dunlop, it avers that the life of *Craighead* was then and there endangered. The error consists in substituting the name of Craighead for Dunlop. It is apparent enough that this was a mere clerical error, resulting from the inadvertency of the circuit attorney, and in no sense tended to the prejudice of the substantial rights of the defendant upon the merits. The defect is, therefore, cured by the last clause of the 27th sec. of art. 4 of the act regulating the proceedings in criminal cases. (2 R. C. 1855, p. 1176.)

Judgment affirmed ; the other judges concur.