————o————

THE STATE OF MISSOURI, Respondent, *vs.* LOREN J. EDWARDS AND WILLIAM D. EDWARDS, Appellants.

1. *Practice, criminal—Indictment—Selling liquor without license—Burden of proof.*—In indictments for selling liquor without license, the *onus* is on the accused of showing authority to sell.

2. *Selling liquor without license—Indictment for—Joinder, improper, when— No ground for reversal, when.*—Persons may be jointly indicted for selling liquor without license, but there should be no joinder in the absence of proof showing a common design or concert of action. Where, however, notwithstanding the failure of such proof, it appears clearly that each of a number of defendants so jointly indicted are guilty of acts which would warrant a separate indictment and conviction, the misjoinder does not work such "prejudice to the substantial rights of defendant upon the merits" (Wagn. Stat., p. 1091, § 27,) as to warrant the interference of the Supreme Court.

*Appeal from Davies Circuit Court.*

*Wm. M. Rush,* for Appellants.

I. The indictment is bad, being for an offense not jointly indictable. (Rex vs. Atkinson, 1 Salk., 382; Rex vs. Weston, 2 Strange, 623, cited in Arch. Cr. Plead. p. 55; Vaughan vs. State, 4 Mo., 530.)

*Hockaday, Att'y Gen'l,* for Respondent.

I. Defendants were jointly engaged in business as partners, and the act of one was the act of the other. If one made a sale in violation of law, then both are guilty. Where the agent sells, both principal and agent are liable to indictment.

(State vs. Hays, 13 Mo., 246; State vs. Bryant, 14 Mo., 340; Id., 137.)

II. The indictment is good. (State vs. Wishon, 15 Mo., 503; *Id.*, 506, 478; State vs. Sutton, 25 Mo., 300.)

SHERWOOD, Judge, delivered the opinion of the court.

The defendants were jointly indicted for selling liquor without a license. The indictment is well enough as to form.

Upon trial the defendants showed no authority whatever for the acts charged, and in this State the *onus* of doing this is cast on the party accused in cases of this character. (Schmidt vs. State, 14 Mo., 137; Wheat vs. State, 6 Mo., 455.)

There is now no doubt but that parties may be jointly indicted for the offense so specified in the indictment now before us. The case of Vaughn vs. State (4 Mo., 530), cited by appellant's counsel, and which seems to militate against this view, was based upon the idea that two persons could not be jointly indicted for exercising without license the trade of an auctioneer. But the law of that case appears to have been but lightly considered and has since been questioned and virtually overruled in subsequent decisions. (State vs. Gay, 10 Mo., 440 and cas. cit.; State vs. Presbury, 13 Mo., 342.)

There is no room, therefore, in the case at bar to doubt the sufficiency of the indictment on this point. In this case, however, the testimony showed, on the part of each defendant, distinct and independent violations of the license law, and did not exhibit any common design or concert of action in their individual infractions of that statute. Under such circumstances there should have been no joinder. (1 Whart. Cr. Law, §§ 430, 432, and cas. cit.)

Thus it has been held, that "if A. & B. are jointly indicted and tried for gaming, and the evidence shows that A. and others played at one time, when B. was not present, and B. and others played at another time when A. was not present, no conviction can be had against them." (§ 430, *supra.*)

In England, the practice has prevailed—subject, however, to the discretionary power of the court to direct the indict-

ment to be quashed—to indict a number of persons for several offenses of the same nature, but there it must be laid *separaliter;* or, otherwise, the indictment thus framed will be quashed. The word *separaliter* is held to make an indictment drawn in this manner tantamount to "several indictments;" (Rex. vs. Kingston, 8 East, 41;) and by this method is obviated an objection like the one we have been considering to the present indictment. And, were it not for the latitudinous provisions of our statute in reference to practice in criminal cases (2 Wagn. Stat., § 27, p. 1090) we should hold that objection a fatal one; and that the conviction herein could not be upheld. But as the evidence clearly shows that the defendants were each guilty of an act, or acts, which would well have warranted their separate indictment and conviction, it is not seen that there is any such "defect or imperfection" in conducting the prosecution against them, as has tended "to the prejudice of the substantial rights of the defendant, upon the merits." (State vs. Dalton, 27 Mo. 1; State vs. Craighead, 32 Mo., 561; State vs. Cox, *Id.*, 566; State vs. Duclos, 35 Mo.. 237; State vs. Willis, 37 Mo., 192.)

Judgment affirmed; all the judges concur.