THE STATE v. ADDCOCK, APPELLANT.

**Aiding Escape of Prisoner**:  SUFFICIENCY OF INDICTMENT.  An indictment for conveying into a jail instruments to aid the escape of a prisoner confined for felony need not set out the particular felony with which the prisoner was charged.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

*J. L. Smith,* Attorney-General, for the State.

The indictment follows the language of the statute, and is therefore sufficient.    *State v. Stubblefield,* 32 Mo. 563;

*State v. Fulton*, 19 Mo. 680; *State v. Hereford*, 13 Mo. 3; *Commonwealth v. Welsh*, 7 Gray 324; *State v. Marshall*, 47 Mo. 378.

NORTON, J.—Defendant was indicted at the June term, 1874, of the Stoddard county circuit court, for aiding prisoners to escape from the jail of said county. He was tried and convicted at the December term, 1874, of said court, and his punishment assessed to two years imprisonment in the penitentiary. Unsuccessful motions for new trial and in arrest of judgment having been made in due time, he brings the cause here by appeal. Neither the evidence nor the instructions are preserved in the bill of exceptions, and the only question presented for our determination is the sufficiency of the indictment. The indictment is founded on Sec. 27, 1 Wag. Stat. 480, which declares that "every person who shall convey into the penitentiary or any jail or other place of confinement, any disguised instrument, arms or other thing proper or useful, to aid any prisoner in his escape, with intent thereby to facilitate the escape of any prisoner lawfully committed or detained, &c., for any felony whatever, &c." The indictment alleges that John Addcock, &c., did with force and arms unlawfully and feloniously convey into the county jail of Stoddard county, two case knives, which said case knives were then and there instruments useful to aid prisoners in their escape; the said Addcock then and thereby intending to aid, assist and facilitate the escape of one George Wilson, lawfully committed and detained in the aforesaid jail according to law, charged with felony, &c."

There is nothing in the objection that the indictment is defective in not setting out and charging the particular felony with which the prisoner George Wilson was charged. It alleges the conveyance into the jail by defendant of two case knives, which were proper and useful things to aid a prisoner in his escape, and that defendant intended by that act to aid Wilson, a prisoner lawfully confined in the jail

under a charge of felony, to effect his escape.    Under the statute, proof of "any felony whatever" on the trial, would sustain the indictment.    All the elements necessary to constitute the offense appear in the indictment in the language of the statute, and we think that is sufficient.    *State v. Presbury*, 13 Mo. 342 ; *State v. Fulton*, 19 Mo. 680.    Judgment affirmed, in which the other judges concur.

AFFIRMED.