STATE OF MISSOURI, Respondent, v. DAVID C. FLEM-ING, Appellant.

St. Louis Court of Appeals, November 19, 1901.

1. **Wife Abandonment**: CRIMINAL LAW: CRIMINAL PRACTICE: INFORMATION FOR WIFE ABANDONMENT, SUFFICIENCY OF. Where an information for wife abandonment avers that the defendant was lawfully married to and with this affiant, instead of inserting the name of the wife who had verified the information, it is not such a defect in pleading as would authorize a reversal of the judgment, particularly as the information was only attacked after verdict, by a motion in arrest.

2. ———: ———: ———. Nor is it necessary, in an information charging wife abandonment, to state that defendant separated from his wife against her will.

State v. Fleming.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis H. Clark,* Judge.

AFFIRMED.

*John E. Bowcock* for appellant.

(1)   Abandonment with criminal intent can only be predicated on a lawful marriage in contradistinction to a marriage at common law (R. S. 1899, sec. 1861).   The failure to set out in the information the name of the person to whom this appellant (defendant) was lawfully married is a fatal defect and comes within the rule that an information must allege every fact legally essential to the punishment to be inflicted.   1 Bishop Crim. Prac., sec. 81; 1 Chitty's Crim. Law, 170; Means v. Commonwealth, 2 Grant (Pa.) 385; Rex v. Griffith, 3 Mod. 201; State v. Hayward, 83 Mo. 307.   (2) The information standing alone must contain a clear and complete statement of every fact constituting the offense sought to be charged, nothing being left to inference, implication or intendment.   State v. Austin, 113 Mo. 538; State v. Hesseltine, 130 Mo. 468; State v. Rector, 126 Mo. 328; State v. Evans, 128 Mo. 406; State v. Morrison, 64 Mo. App. 597; State v. Clevinger, 20 Mo. App. 626.   (3)   All that is to be proved must be alleged, therefore, under the rules as laid down in the case of the State v. Macklin.   In order to constitute abandonment with a criminal intent it is necessary to allege that the separation of the defendant from his wife was against her will.   State v. Macklin, 86 Mo. App. 637.   (4) The verification, as permitted under section 2477, Revised Statutes 1899, is simply a statement as to the truthfulness of the facts contained in the information, and constitutes no part of the pleading.

GOODE, J.—This is an appeal from a conviction of defendant for wife abandonment. As the only points made for reversal relate to the sufficiency of the information, we set it out, omitting caption:

"Richard M. Johnson, assistant prosecuting attorney, of the St. Louis Court of Criminal Correction, on behalf of the State of Missouri, now here in court, information makes as follows:

"That David C. Fleming, in the city of St. Louis, on the eighteenth day of February, 1901, and on divers other days and times, between that day and the day of the filing of this complaint, unlawfully, willfully, and without good cause, did abandon and did fail, neglect and refuse to maintain and provide for his lawful wife, to-wit: one Kate Fleming, the said David C. Fleming being then and there, and on said other days and times, lawfully married to and with this affiant, his lawful wife as aforesaid; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Said information was verified by Kate Fleming.

The averment that the accused was lawfully married to and with this *affiant*, instead of inserting the name of the wife, we regard as no such fault as would authorize a reversal of the judgment, particularly as the information was only attacked after verdict by a motion in arrest. In fact the words; "this affiant" may be struck from the information and enough be left to designate the person to whom the defendant was charged to have been married. The allegation would then stand: "The said David C. Fleming, being then and there and on other days and times lawfully married to and with his lawful wife as aforesaid." The previous allegation had charged that without good cause he abandoned his lawful wife, one Kate Fleming. There can be no question then that the pleading sufficiently designated and named the person to

whom the defendant was married. If there was a defect in it, we think it was one which in no way tended to "the prejudice of the substantial rights of the defendant upon the merits," and the statutes provide that a judgment shall never be reversed for a defect of that kind. R. S. 1899, sec. 2535; State v. Craighead, 32 Mo. 561.

Neither was it necessary to charge that defendant separated from his wife against her will. The words used in the indictment, that he willfully and without good cause did abandon her, imported that the act of abandonment was against her will. Besides, it is a fundamental rule in criminal pleading, that when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute. State v. Mills, 146 Mo. 195.

The judgment is affirmed. All concur.