THE STATE v. FRANK McCONNELL, Appellant.

Division Two, February 27, 1912.

1. **INFORMATION: Fraudulent Conveyance: Name of Person Defrauded not Necessary.** It is not necessary to name, in an information charging the making of a second and fraudulent conveyance of the same real estate, the particular person whom defendant intended to defraud.

2. ————: ————: **Charging Failure to Recite First Deed in the Second.** In an information charging the making of a second and fraudulent conveyance of the same real estate, a clause is sufficient which alleges that defendant "did . . . fail . . . to recite in such second deed the first deed and the substance thereof." It charges plainly enough the omission to recite in the second deed either the whole of the first deed or its substance, the inclusion of either of which would have exonerated the defendant.

3. ————: ————: **Repugnant Clause: Rejected as Surplusage.** The information charged that the defendant first conveyed the land to Pope as trustee for Hale and W. McConnell, and then fraudulently conveyed it a second time by deed to Lundy Carstin, a different person from Pope, Hale and W. McConnell. Then it alleged that defendant failed "to recite in such second deed, the first deed and the substance thereof, made to *Lundy Carstin*, as aforesaid," etc. The only objection made to the information in the trial court which could be construed as aimed at this defect was that it did not "charge any offense under the laws of the State of Missouri." *Held*, that the information, while awkward in expression, is sufficient against such attack. The words "made to Lundy Carstin, as aforesaid," may be rejected as surplusage.

4. **FRAUDULENT CONVEYANCE: Facts Assumed in Instructions Admitted by Defendant.** The defendant in a prosecution for a second and fraudulent conveyance of the same land having admitted on the stand the execution of both deeds, there was no error in assuming in the instructions their execution by him.

5. ————: ————: **Recital of First Deed in the Second.** In a prosecution for a second and fraudulent conveyance of the same land, the second deed was in evidence and showed no recital of the first deed or its substance. The defendant in his testimony admitted executing the deeds, and his testimony contains other statements inexplicable save as admissions of the omission in the second deed of any reference to the first. *Held*, that the trial court committed no error in assuming the omission in its instructions.

6. **APPEAL: Substantial Evidence of Defendant's Guilt: Evidence not Reviewed.** Where there was substantial evidence of defendant's guilt it is not the province of the Supreme Court to weigh conflicting evidence.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Hays & Hays* for appellant.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State.

BLAIR, C.—Defendant was convicted in the circuit court of Christian county of fraudulently conveying certain real estate without reciting in the deed the whole or the substance of a prior trust deed executed by him, which covered the same property. Having been duly sentenced to serve two years in the penitentiary, he appealed.

The evidence disclosed that defendant executed to Pope, as trustee for Hale and McConnell, a deed of trust on the property described in the information at a time when he had only color of title thereto; that subsequently he acquired the legal title and thereafter conveyed the land to one Carstin by a warranty deed in which appears no reference to the trust deed mentioned. There was evidence that defendant assured Carstin the land was unincumbered save by mortgage securing the purchase money to those from whom he acquired the actual title. Carstin testified that he knew nothing of the deed of trust to Pope.

The evidence for the defense was to the effect that Carstin knew all about the deed of trust and that both he and defendant were under the impression that it was invalid by reason of having been executed at a time when defendant had no title.

Defendant testified in his own behalf. He admitted the execution of both the deed of trust to Pope and the warranty deed to Carstin, and testified that the latter told him before purchasing the land that he had been advised the deed of trust was void. Some evidence was offered in rebuttal to the effect that defendant's reputation for truth and veracity was bad.

I.   The information in this case, after sufficiently charging that defendant in March, 1909, conveyed certain described land to Pope as trustee for Hale and McConnell to secure one hundred and fifty dollars, continues:

"That afterwards, to-wit, on the 1st day of October, 1909, he the said Frank McConnell, at the county aforesaid, while the deed aforesaid was outstanding and in force, unlawfully and feloniously with intent to cheat and defraud, did then and there, the same land as aforesaid, by a good and sufficient deed, properly acknowledged and executed and delivered, convey unto one Lundy Carstin for a consideration of six hundred dollars, the same land as previously granted; he the said Lundy Carstin being another and different person from said E. J. Pope, William Hale or W. A. McConnell, and he, the said Frank McConnell did then and there unlawfully, feloniously and knowingly, with intent to cheat and defraud as aforesaid, purposely and designedly, fail, refuse and omit to recite in such second deed, the first deed and the substance thereof, made to Lundy Carstin, as aforesaid, against," etc.

The failure to name in the information the particular person whom defendant intended to defraud calls for no comment save that the general allegation made is specifically authorized by section 4921, Revised Statutes 1909.

The clause alleging that defendant "did, etc., fail, refuse and omit to recite in such second deed the first deed and the substance thereof" charges plainly

enough the omission from the second deed of both the recitation of the whole of the first deed and the recitation of its substance, the inclusion of either of which would have exonerated defendant.

The employment of separate clauses in negativing the recitation of the whole and the recitation of the substance of the first in the second deed might have made it more clear that it was not to be implied that in any event both the whole *and* the substance of the first deed ought to have been recited or set out in the second; but the language used is entirely sufficient and in this respect also the information is upheld.

A more serious question is presented by the use, in the concluding part of the last sentence of the information, of the words "made to Lundy Carstin as aforesaid."

Carstin was the grantee in the second deed and not in the first deed, and, without doubt, the words mentioned have no place in the clause in which they are used. The necessity of charging that neither the first deed nor its substance was recited in the second deed cannot be denied. Such a charge is essential to the validity of the information. Does the use of the words quoted so affect the sentence and the sense that the charge becomes merely that the deed to Carstin was not recited in itself, and thereby invalidate the information?

"No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected . . . for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits; Provided, that nothing herein shall be so construed as to render valid any indictment which does not fully inform the defendant of the

offense of which he stands charged." [Section 5115, Revised Statutes 1909.]

This court has had occasion to apply this statute. In the case of State v. Craighead, 32 Mo. 561, a prosecution under the section corresponding to section 4483, Revised Statutes 1909, the indictment, after properly charging Craighead assaulted and wounded Dunlop, concluded: "By means of which said wounding and assaulting of said Dunlop by the said Craighead then and there, the life of him the said *Craighead*, was then and there endangered," etc.

This court said, concerning this indictment: "The error consists in substituting the name of Craighead for Dunlop. It is apparent enough that this was a mere clerical error, resulting from the inadvertency of the circuit attorney, and in no sense tended to the prejudice of the substantial rights of the defendant upon the merits."

In the case of State v. Chamberlain, 89 Mo. 129, the indictment was for forgery and charged that defendant knowingly uttered certain "false, forged and counterfeit promissory notes . . . of the purport following; to-wit: A note of one hundred dollars purporting to be made by Thomas Montgomery, which said false, forged and counterfeit promissory note is of the purport following: Note of one hundred dollars, *executed and signed* by Thomas Montgomery, dated," etc.

After quoting the statute the court said: "With such a broad statute in view, this indictment here, though lamentably repugnant, must be held as valid to all intents and purposes as though drawn by the most skilful hand."

In the case of State v. Fleming, 90 Mo. App. 241, a prosecution for wife abandonment, the information, after charging that defendant abandoned "his lawful wife, Kate Fleming," proceeded: "The said David

240 Sup.—18

C. Fleming being then and there, and on said other days and times, lawfully married to and with this *affiant,"* etc. The St. Louis Court of Appeals, speaking through Judge GOODE, said that the words "this affiant" might, in view of the statute, be stricken from the information.

In State v. Feitz, 154 Mo. App. l. c. 581, in an indictment for obstructing a road, in which it was necessary to allege the adoption of the township organization law, there appeared, among others, the following allegations: "That on the 6th day of November, 1908, . . . the township organization law was duly adopted in said county of Chariton . . . that *afterwards, to-wit, on or about the 22d day of January, 1908,* when said law was in full force and effect in said county," etc.

The error was held to be clerical, and, in view of the allegation that the offense was committed while the law was in force, in no way prejudicial.

Decisions in other jurisdictions are of like import.

In Godard v. State, 139 S. W. (Ark.) 1131, it was held that in an indictment for forgery, containing two counts, a discrepancy between allegations as to dates on the instrument alleged to have been forged would be disregarded as a clerical error and repugnancy between the counts thus avoided.

In Commonwealth v. Wright, 166 Mass. l. c. 181, it was said that meaningless words may be rejected.

In People v. Duford, 66 Mich. 90, the information charged that ". . . Abram Duford, .. . . heretofore, to-wit, on the 12th day of December in the year 1886, in the nighttime of said day, at . . School-craft county, the inhabited dwelling-house of one Ardellia Pitcher there situate *was* willfully, maliciously and feloniously set fire to, with intent," etc. The court said: "This mistake, we think, should be regarded as

clerical and formal, and one which did not mislead or result to the respondent's prejudice."

In the case of United States v. Jackson, 2 Fed. 502, the question was whether, in a prosecution of a bankrupt for concealment of goods, the indictment sufficiently alleged that the goods charged to have been concealed were the bankrupt's property on the day on which the proceedings were begun. It was not clearly and affirmatively alleged that the bankrupt owned any goods on that day. The court, after quoting the statute to the effect that defects in matters of form not tending to prejudice the defendant were to be disregarded, said:

"It is somewhat difficult to say what is form, and what is substance, in an indictment. A nice critic might insist that form is substance in criminal pleading, but the statute is intended to have some operation, and I have been disposed to give it a liberal construction. I have held that a particular intent, which made an act a crime by the words of a statute, is part of the substance. On the other hand, mere mistakes, however serious, in expressing the substance of a crime, if the meaning can be understood, I look upon as formal.

"By this rule I hold that the allegations of time in this indictment, one of which is repugnant to the other, amounts to a formal defect or imperfection; it being set out informally but with no danger of mistake, that the defendant is accused of willfully and fraudulently concealing from his assignee property which he should have given up to him for the use of the creditors."

In Rex v. Stevens, 5 East, l. c. 254, 255, it was said by Lord ELLENBOROUGH, in discussing an objection to an information on the ground of repugnancy: "I do not find any authority in the law which warrants us in rejecting any material allegation in an indictment or information which is sensible and consistent in the

place where it occurs, and is not repugnant to any *antecedent* matter, merely on account of there occurring afterwards, in the same indictment or information, another allegation inconsistent with the former, and which latter allegation cannot itself be rejected as it is clear that the allegation of the 29th of November, 1795, . . . could not, . . . without leaving the information wholly destitute of the necessary allegation of a particular day on which the offense was committed. If the *subsequent* repugnant matter could be rejected at all (which in this case it cannot for the reason before given), it might be so in favor of the *precedent* matter, according to what is said by Lord HOLT in Wyatt v. Aland, 1 Salk. 325, 'That where matter is nonsense by being contradictory and repugnant to somewhat *precedent,* there the *precedent* matter, which is sense, shall not be defeated by the repugnancy which *follows;* but that which is contradictory shall be rejected.' "

In State v. Flint, 62 Mo. l. c. 399, this court announced that: "Where the contradictory or repugnant expressions do not enter into the substance of the offense, and the indictment will be good without them, they may be rejected as surplusage; *or,* where the repugnant matter is simply inconsistent with any preceding averment, it may also be rejected as surperfluous."

In view of the statute and the liberal construction which has rightly been given it, as well as the general rule evidenced by decisions from other jurisdictions, the information in this case should not be held invalid by reason of the insertion in the last sentence of the words "made to Lundy Carstin as aforesaid." The error is palpable and could not have misled defendant —did not, in fact, mislead him.

It had already been positively alleged that the first deed was made to Pope and that Pope was "another and different person from" Carstin, and as pos-

itively alleged that the *second,* not the *first,* deed was "made to Lundy Carstin." To no previous allegation can the clause "made to Lundy Carstin *as aforesaid*" possibly refer except that with reference to the execution of the second deed, without coming into direct conflict with the sense of all the precedent matter.

The only objection made to the information in the trial court which could be construed as aimed at this defect was the entirely general one that "the information does not charge any offense under the laws of the State of Missouri." Against such attack this information, while inartificial and awkward in expression, will be held sufficient. [People v. Duford, supra.] The clause quoted, if all its words are given effect, can-not refer to the first deed since the words "as afore-said" plainly limit the effect of the whole clause to such extent that it necessarily must be descriptive of some deed *previously* alleged to have been "made to Lundy Carstin." This is the natural effect of the words "as aforesaid." We know of no rule which would require us to reject these words in order that those which remained might destroy this information. If the six words quoted be stricken out, as they may be, there is left a sufficient charge of the omission of the recital required by the statute.

We are not unmindful of the rule that an allegation in an information which discloses that no crime has been committed cannot be rejected as surplusage (State v. Leonard, 171 Mo. l. c. 627), nor have we overlooked the general rule that allegations, though unnecessary, if descriptive of the identity of what is legally essential to the charge, must be proved as laid. We hold defendant was not prejudiced by the errors and informalities in the information in this case.

II. In the instructions the trial court assumed the execution of the deed of trust and of the deed to Carstin. The defendant having on the witness stand in

open court in this case unequivocally admitted the execution of both, there was no error in assuming in the instructions their execution by him.

Nor was there any controversy on the question of the failure to recite the trust deed or its substance in the deed to Carstin. The deed was in evidence and shows no such recital and defendant in his testimony admitted executing the deed. His testimony contains other statements not rationally explicable save as admissions of the same omission. The trial court committed no error in assuming this fact also in its instructions. [State v. Edwards, 71 Mo. l. c. 322; State v. Crab, 121 Mo. l. c. 564; State v. Holloway, 156 Mo. l. c. 230, 231; State v. Miller, 190 Mo. l. c. 461; State v. McBroom, 238 Mo. 495.]

There was substantial evidence of defendant's guilt and it is not our province to weigh conflicting evidence.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.