THE STATE v. TOM PRINCE, Appellant.—297 S. W. 34.

Division Two, July 13, 1927.

**1. INFORMATION: Surplusage: Immaterial Matters.** If the information, though not drawn with care and precision, sufficiently alleges the essential elements of the offense, as defined by the statute, and fully advises defendant of the nature and cause of accusation against him, it is sufficient, and allegations of immaterial matters which are not harmful or prejudicial may be treated as surplusage.

**2. ASSIGNMENTS: General.** General complaints in the motion for a new trial in a criminal case of error in the admission and exclusion of evidence and in the refusal of instructions are not reviewable in the appellate court under new Section 4079, Laws 1925, page 198.

**3. SELLING MORTGAGE PROPERTY: Without Informing Purchaser: Burden of Proof.** In a prosecution of a defendant under the statute (Sec. 3348, R. S. 1919) making it a felony to sell mortgaged personal property without the written consent of the mortgagee or beneficiary "and without informing the person to whom the same is sold that the property is mortgaged," the burden is on the State to prove every element of the crime, among others that the defendant failed to inform the purchaser that the property was mortgaged; and there being no proof that the defendant who sold the mortgaged property did not inform the purchaser that it was mortgaged, the judgment of conviction must be reversed.

---

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2580, p. 1099, n. 21; 17 C. J., Section 3350, p. 89, n. 65; Section 3351, p. 90, n. 75. Chattel Mortgages, 11 C. J., Section 379, p. 644, n. 51. Indictments and Informations, 31 C. J., Section 300, p. 745, n. 96.

Appeal from Crawford Circuit Court.—*Hon. W. E. Burton,* Judge.

REVERSED AND REMANDED.

*North T. Gentry,* Attorney-General, and *L. Cunningham,* Assistant Attorney-General, for respondent.

(1) The information follows the language of the statute and approved forms, and alleges every element of the offense of the mortgagor selling mortgaged property of the value of fifty dollars with-

out the written consent of the mortgagee, and without informing the purchaser that it was mortgaged, with the intent to defraud the mortgagee. Sec. 3348, R. S. 1919. It contained a further allegation that the sale was made with the intent to defraud the sureties on the note, and without their written consent. This allegation was immaterial, and did not prejudice the rights of the defendant, and was properly regarded as surplusage by the court and not submitted to the jury in the instructions. Sec. 3908, R. S. 1919; State v. McConnell, 240 Mo. 276. (2) The gravamen of the offense is not merely the selling of the property, but selling it with intent to defraud and without the written consent of the mortgagee, and without informing the purchaser that the property was mortgaged. The general rule is that where the conjunctive "and" is used in a statute the allegation and proof must cover each element of the offense. This rule is not inflexible. Where the provision of the statute is that the act prohibited was done without, etc., the rule may be more correctly stated to be that where there is an exception or proviso in the same clause or sections of the statute which creates the offense, and which enters into and becomes a part of the offense, the State must prove the negative. State v. Hirsch, 45 Mo. 429; City of Tarkio v. Loyd, 109 Mo. App. 175. If, however, the exception is in a different clause or sentence or is of some matter peculiarly within the possession or knowledge of the defendant, then the defendant must prove that he comes within the exception. Swinhart v. Sub. Ry. Co., 207 Mo. 423, 432; 16 C. J. 530, par. 998. The fair inference from all of the evidence is that the defendant did not inform the purchaser that the property was mortgaged.

HENWOOD, C.—Appellant was tried and convicted in the Circuit Court of Crawford County on an information charging him with selling and disposing of mortgaged property without the written consent of the mortgagee and without informing the purchaser that the property was mortgaged. The jury fixed his punishment at imprisonment in the penitentiary for two years and he was sentenced accordingly. From this sentence he has perfected his appeal, but has filed no brief.

The information was drawn under Section 3348, Revised Statutes 1919, which defines the offense charged in the following language: -

"Every mortgagor or grantor in any chattel mortgage or trust deed of personal property who shall sell, convey or dispose of the property mentioned in said mortgage or trust deed, or any part thereof, without the written consent of the mortgagee or beneficiary, *and without informing the person to whom the same is sold or conveyed that the property is mortgaged* or conveyed by such deed of trust, . . . for the purpose of defrauding the mortgagee, . . .

shall, if the property be of the value of fifty dollars or more, be deemed guilty of a felony,'' etc. (Italics ours.)

The case made by the State's evidence establishes that appellant gave the Crawford County Bank a chattel mortgage on certain live stock, described in the information, to secure the payment of his promissory note; that he defaulted in the payment of the note; and that he sold one of the steers and a calf, covered by the mortgage, for the sum of fifty dollars, without the consent of the mortgagee. The State concedes that *there was no proof of appellant's failure to inform the purchaser that the stock was mortgaged.* Appellant stood on his demurrer to the evidence and the jury found him guilty, as above indicated.

I. The information, though not drawn with great care and preciseness, sufficiently pleads the essential elements of the offense sought

**Information.** to be charged, as defined by the statute. It fully advised appellant of the nature and cause of the accusation against him. The extra burden assumed by the State in pleading immaterial matters was not harmful or prejudicial to him and was properly treated as surplusage. [Sec. 3908, R. S. 1919; State v. McConnell, 240 Mo. 269.]

II. In the motion for new trial *only general complaint* is made as to the rulings of the trial court in the admission and exclusion of

**Assignments.** evidence and in the giving and refusal of instructions. Errors so assigned are not reviewable here under Section 4079 as amended by the Act of 1925 and numerous recent decisions of this court. [Laws 1925, p. 198; State v. Standifer, 289 S. W. 856; State v. Murrell, 289 S. W. 859; State v. Vesper, 289 S. W. 862.]

III. The verdict is general in form, definite in meaning and responsive to the issue tendered by the information and the

**Verdict.** plea. It is therefore good in form and substance.

IV. We come now to the question of the sufficiency of the evidence. The sales of mortgaged property condemned by the statute are those made ''without the written consent of the mortgagee or beneficiary,

**Insufficient Evidence.** *and without informing the person to whom the same is sold or conveyed that the property is mortgaged.''* Under the plain and positive provisions of this statute *the failure to notify the purchaser that the property is mortgaged* is equally as much a constituent element of the offense defined as the failure to get the consent of the mortgagee. As said by the St. Louis Court of Appeals in the case of State v. Munsen, 72 Mo. App. l. c.

545, "The statute was enacted as well for the protection of purchasers as mortgagees." And as was said by WAGNER, J., in the early case of State v. Hirsch, 45 Mo. 1. c. 430: "The only question is on which side was the burden of proof cast. The general rule is familiar to all: that the burden of proof is on the party holding the affirmative; but to this rule there are some exceptions. Thus, in an indictment for keeping a ferry and ferrying people without a license, or a dram-shop, and selling liquor without license, it is incumbent on the defendant to show that he is licensed. [Wheat v. State, 6 Mo. 455; Schmidt v. State, 14 Mo. 137.] In these cases the acts are in themselves unlawful, and the proof lies peculiarly within the knowledge of the defendants, and is easily producible by them. But in other cases where it requires the application of extrinsic evidence to make out the case, the averment, although negative, should be accompanied with at least prima-facie proof." The application of this rule to the case at bar settles the question now under consideration. It is manifest that the State has failed to discharge its burden of proving every constituent element of the crime charged, and that the evidence is not sufficient to sustain a judgment of conviction. And it follows that the demurrer to the evidence should have been sustained. We are fully supported in this conclusion in the more recent cases of State v. Langley, 248 Mo. 1. c. 552, and State v. Garrett, 276 Mo. 1. c. 313. See also 2 Chamberlayne's Modern Law of Evidence, sec. 960.

The judgment is reversed and the cause remanded. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. *White* and *Blair, JJ.,* concur; *Walker, J.,* absent.